People of the State of Illinois, Plaintiff-Appellee, v. Philip
Kurtz, et al., Defendants-Appellants.

Gen. No. 65–66.

Fifth District.

May 2, 1966.

Rehearing denied May 21, 1966.

283

Meyer and Meyer, of Belleville, for appellants.

Douglas Marti, of Greenville, for appellee.

GOLDENHERSH, P. J.

The defendants, Philip Kurtz, Larry C. Irving and James H. Grogan, were tried by jury in the Circuit Court of Bond County and convicted of the crime of theft of property exceeding $150 in value (c 38, § 16–1, Ill Rev Stats 1965) and sentenced to the penitentiary, Kurtz and Grogan for terms of not less than 5 nor more than 10 years, and Irving for not less than one nor more than 2 years.

The indictment charged the theft of a 1959 Ford and that it was the property of Lamoine D. Brown.

Defendants, as grounds for reversal, argue that the People failed to prove beyond a reasonable doubt that the value of the automobile allegedly stolen exceeded $150, failed to prove that Lamoine D. Brown owned the automobile, that the indictment is defective in that it fails to definitely identify the exact property allegedly stolen, that the circuit court erred in refusing to grant defendants' motions for continuance and erred further in denying defendants' motion for mistrial during the questioning of a venireman on voir dire.

On the morning on which the case was set for trial, defendants filed two motions for continuance. The first motion moved for continuance on the ground that defendant Irving was suffering from acute peptic ulcer and anxiety reaction, and a medical report dated four days earlier stated that it was the opinion of his physi-

284

cian that he could not stand trial at that time. It is clear from the testimony of defendant, Irving, in support of the motion, that he had been advised to undergo surgery for the correction of his condition but had not done so. The motion was addressed to the discretion of the trial court (c 38, § 114–4(e), Ill Rev Stats 1965) and the record shows no abuse of discretion.

■ Defendants' second motion states that the Greenville Advocate, published in Bond County on a biweekly basis, in its edition dated April 6, 1964, four days after defendants' arrest, and in the edition dated March 11, 1965, four days before the trial date, contained articles which were inflammatory, and so prejudicial to the defendants as to make it impossible for them to receive a fair trial. The publisher of the paper testified that of the 60 persons on the jury panel, 45 received the paper. Portions of the voir dire examination of prospective jurors are abstracted and an examination of the testimony does not indicate that the jurors were influenced by what they read.

The achievement and maintenance of a stable equilibrium between the freedom of the press and the right of one accused of crime to a fair trial before a jury not influenced by publicity regarding the alleged offense, presents an ever recurring problem. The articles of which defendants complain can hardly be described as examples of unbiased, objective news reports, but they are not inflammatory, as were those considered by the Supreme Court in The People v. Hryciuk, 5 Ill2d 176, 125 NE2d 61. A further distinction between this case and Hryciuk is that the inflammatory articles there appeared during the trial, on the evening before the case went to the jury, while here defendants had ample opportunity to interrogate the jurors as to whether they had read the articles, and if so, whether they were influenced thereby.

Defendants were entitled to 30 peremptory challenges and the record does not show how many were used, and nothing appears in the record upon which to base the conclusion that the 12 jurors and the alternate accepted by defendants were not impartial, and disposed to render a fair verdict. On the basis of the record on voir dire examination, the denial of the motion for continuance was not an abuse of the trial court's discretion. The People v. Brinn, 32 Ill2d 232, 204 NE2d 724.

██ During the course of the voir dire examination the State's Attorney asked a venireman whether, if the State proved the defendants guilty beyond a reasonable doubt, he would "have any compulsion against finding a man guilty of crime, even though it means he might be imprisoned?" Defendants moved for a mistrial, and contend here that the court erred in denying the motion, although the question was stricken, and the jury instructed to disregard it.

The cases upon which defendants rely involve closing arguments to juries in which counsel for the People suggested the possibility of probation, and the Supreme Court held such reference to be prejudicial. The reason for so holding, is that a jury might be inclined to convict a defendant in a close case, if it thought his punishment might not be too severe. Here the converse situation is presented, the jury was apprised that a finding of guilty could result in defendants' being imprisoned. The court properly struck the question, and did not err in denying the motion for mistrial.

██ The indictment charges the automobile stolen was the property of Lamoine D. Brown, and the certificate of title showed the owner to be Brown Tractor Sales by Lamoine D. Brown. There is no evidence that Brown Tractor Sales is a corporation, and although not clear from the record, it appears that Brown Tractor Sales is a trade name for an individual proprietorship by La-

moine D. Brown. Under the statutory definition of "owner," c 38, § 15–2, Ill Rev Stats 1965, and the holdings in People v. Hansen, 28 Ill2d 322, 192 NE2d 359, and People v. Tomaszek, 54 Ill App2d 254, 204 NE2d 30, the proof of ownership was sufficient to support the conviction.

██ ██ Defendants contend that because the indictment did not allege the serial number of the stolen vehicle, it was defective and will not support the conviction. The purpose of an indictment is to apprise a defendant of the exact crime with which he is charged, so that he may prepare his defense, and may plead the judgment of conviction, or acquittal, in bar of a second prosecution for the same offense. An indictment which charges the theft of a 1959 four-door Ford, names the date of the offense, the owner, and the place where the theft occurred meets that test, and the failure to include the serial number of the stolen automobile did not make the indictment fatally defective.

Defendants' contention that the People failed to prove the value of the stolen automobile exceeded $150 requires a review of the valuation evidence adduced. Lamoine D. Brown, owner of the stolen automobile, described it as a 1959 four-door Ford, Fairlane 500 series, bearing a dealer's license plate, and testified that in connection with his business he bought and sold used trucks, and perhaps one or two used automobiles each year. The State's Attorney asked the value of the stolen car on the date of the theft, defense counsel objected on the ground that the witness was not properly qualified to express an opinion as to its value, and the objection was sustained. The witness was asked whether he sold the car subsequent to that date, and over the objection of defense counsel, was permitted to testify that it was sold for $200 eight months after the theft. No evidence was offered as to its condition at either the time of the theft, or the date of the

sale, and the record is barren of any evidence of value as of the time of the theft.

 Sections 2–7 and 2–11 of the Criminal Code of 1961 (c 38, §§ 2–7, 2–11, Ill Rev Stats 1965) define a felony to be an offense punishable by death or imprisonment in the penitentiary, and a misdemeanor as an offense other than a felony. It follows, therefore, that the "Penalty" provision in section 16–1 (c 38, § 16–1, Ill Rev Stats), by fixing the penalties which may be imposed for a specific offense, determines whether the specific offense is a felony or a misdemeanor. Section 3–1 (c 38, § 3–1, Ill Rev Stats 1965) requires proof of guilt beyond a reasonable doubt, and this degree of proof is necessary as to those elements of an offense which determine whether it is a felony or misdemeanor. In this case, absent proof beyond a reasonable doubt of the value of the property stolen, the theft was a misdemeanor and subject only to the punishment applicable thereto. The value which makes it a felony rather than a misdemeanor is the fair cash market value of the property at the place and at the time of the theft, People v. Stewart, 20 Ill2d 381, 169 NE2d 796, People v. Kelly, 66 Ill App2d 204, 214 NE2d 290, and evidence of the price for which it was sold does not meet the requirement of proof of value beyond a reasonable doubt.

Having concluded that the requisite proof of an element essential to making the offense a felony is lacking, the reviewing court must determine which of the powers conferred upon it by section 121–9 of the Criminal Code (c 38, § 121–9, Ill Rev Stats 1965) is here appropriate. The evidence of guilt of the theft of the automobile is overwhelming, and we are not, therefore, prepared to say the jury's verdict on the issue of guilt was in any manner influenced by the testimony as to the price for which the automobile was sold eight months after the offense. Remandment, would, on the one hand, make

288

possible the acquittal of the defendants on a charge of which they have been proved guilty beyond a reasonable doubt, and on the other hand, would give the People the opportunity to prove an element of the offense which could, and should very easily, have been proved on the trial, the record of which is here reviewed. A more just result will be achieved if we invoke the power conferred upon this court by section 121–9 to reduce the degree of the offense of which these defendants are clearly guilty and impose appropriate punishment. The judgment of the Circuit Court of Bond County is, therefore, modified, and insofar as it adjudges the defendants to be guilty of theft of property not exceeding $150 in value, the judgment is affirmed, and insofar as it purports to adjudge the defendants guilty of theft of property exceeding $150 in value, the judgment is reversed. The sentence imposed by the Circuit Court of Bond County is vacated and the cause is remanded to the Circuit Court of Bond County with directions to impose upon each defendant the following punishment: each defendant to be fined $500 and imprisoned for one year in a penal institution to be designated by the Circuit Court, other than the penitentiary.

Judgment modified and cause remanded with directions.

EBERSPACHER, J., concurs.

MORAN, J., dissenting.

On Thursday, March 11, 1965, three days before the commencement of the trial, the newspaper in question carried an account of the trial to be held on the following Monday, described the crime that these defendants were charged with and then went on to say that they had been arrested on April 2, 1964, in connection with the

robbery of the Canteen Company of Alton, Illinois, having eluded officers in the underbrush in the bottoms near Old Ripley during the day. Three-fourths of the jury panel were thus informed that this trio was connected with a robbery unrelated to the crime for which they were to be tried.

Both the Federal and State Constitutions specifically provide that an accused has a right to a speedy public trial by an impartial jury. Chapter 38, paragraph 14–4 (b) allows the granting of a continuance when pretrial publicity has caused a prejudice against the defendant on the part of the community.

It would have been prejudicial misconduct for the State's Attorney to show that the defendants were charged or sought in connection with the robbery described in the newspaper article. However, we say that it is not prejudicial to the defendants when a newspaper informs the jury before the trial about the very things which the prosecution is precluded from bringing out.

Innocent or guilty, a defendant is entitled to due process of law. These defendants were denied due process of law because they were not tried by an impartial jury. I would therefore send the case back to Bond County for a new trial.