People of the State of Illinois, Plaintiff-Appellee,
v. Herbert Rudder, Defendant-Appellant.

Gen. No. 68–5.

Second Judicial District.

October 9, 1968.

Marco and Mannina, of Downers Grove, for appellant.

William V. Hopf, State's Attorney of DuPage County, of Wheaton (Kevin P. Connelly and Michael Fitzsimmons, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Defendant appeals from a jury verdict and judgment finding him guilty of aggravated assault and driving while license suspended. The defendant was sentenced to one year in Vandalia on each complaint, the sentences to run concurrently.

■ On the appeal, the People have confessed error on the charge of aggravated assault, conceding, and we so find, that the proof as to this charge was fatally insufficient. It is apparent from the complaining witness' own testimony that the defendant did not threaten harm to her at the time of the alleged confrontation and that she was not apprehensive or fearful of receiving a battery. Thus the State failed to prove essential elements of the crime charged. Ill Rev Stats 1967, c 38, § 12–2.

The defendant argues that the trial court committed substantial error in denying defendant's motion for a directed verdict on the charge of aggravated assault and in permitting the issue to go to the jury, claiming prejudice as to the remaining charge. He also urges substantial error in the denial of a continuance and in the court's rulings on evidence.

The defendant had sought a continuance on the day of the trial, first because of his physical appearance. He had been arrested the evening before his trial and appeared in court with blood and bruises on his face and blood on his shirt, and in a dishevelled condition. This motion was denied, but the trial court offered defendant a short delay to clean himself up. This offer was refused and the defendant then moved to continue the matter on his representation that his wife, who could corroborate his defense, was in the hospital awaiting the birth of a child. This motion was also denied by the court. Neither motion was supported by affidavit.

The claim of error as to the introduction of evidence related principally to cross-examination of the defendant and his brother relating to defendant's unemployment and defendant's whereabouts at other times not in question; and to allowing the police officer to testify to a hearsay conversation with the complaining witness, the ex-wife; and to a limitation on the cross-examination of the ex-wife to show her bias and previous complaints.

The proof on the driving charge was by the former wife of defendant and her friend and neighbor, both of whom, in testifying as to the alleged assault with a gun, stated that defendant drove a car to the place in question. Defendant admitted the license suspension but denied that he had seen his ex-wife, or that he had driven an automobile, on the day in question. Defendant's brother corroborated defendant's testimony, accounting for his presence on the entire day in question. Defendant further testified that his present wife owned the automobile described and drove him in it on the day of the alleged assault.

■■ The refusal of a continuance is normally within the discretion of the trial court with which we would be loath to interfere. People v. Kurtz, 69 Ill App2d 282, 285, 216 NE2d 524 (1966). Nor, in our opinion, did the court's

rulings on the evidence, in themselves, constitute reversible error.

██ We are yet of the opinion that the totality of the circumstances in this record have prevented the defendant from securing a fair and impartial trial. The trial court erred in refusing to direct a verdict on the assault charge under evidence which was clearly insufficient to warrant submission of that charge to the jury. The conflicting testimony common to both charges, as to defendant's presence at the scene and whether he drove, depend entirely on the credibility of witnesses hostile to one another. The absence of defendant's wife, the appearance of the defendant on the day of trial, the inference from the court's erroneous ruling that the assault charge was sufficient to go to the jury, all taken together effectively prevented a fair trial on the driving charge.

██ We adhere to the rule that a judgment of conviction should not be reversed merely because some error has been committed unless it appears that real injustice has resulted from such error. People v. Cavanaugh, 13 Ill2d 491, 150 NE2d 592 (1958). However, we are of the opinion that the refusal of the trial court to direct a verdict on the clearly inadequate proof of the assault charge here was a substantial error which, under the circumstances, may have precipitated and resulted in the verdict on the driving charge.

We, therefore, reverse the conviction of aggravated assault without remand, and reverse the conviction of driving while license suspended and remand the latter charge for a new trial.

Reversed and remanded.

ABRAHAMSON, P. J. and MORAN, J., concur.