**The People of the State of Illinois, Plaintiff-Appellee, v. Anthony Insolata, Defendant-Appellant.**

**Gen. No. 68–60.**

Third District.
September 2, 1969.

 

Eugene Hayes, of Morris, for appellant.

Richard Wilder, State's Attorney, of Morris, for appellee.

STOUDER, P. J.

This appeal arises from a jury verdict and judgment of guilty on a one-count indictment charging the defendant-appellant, Anthony Insolata, with theft of an automobile of a value in excess of $150. Following a hearing in aggravation and mitigation, the defendant was sentenced to a term of not less than 2 nor more than 10 years in the Illinois State Penitentiary.

In appealing from his conviction and sentence, defendant contends that error was committed in that one, the State failed to prove ownership of the property alleged to be stolen, two, the State failed to prove his guilt beyond a reasonable doubt and three, the sentence imposed by the court was excessive.

With reference to defendant's first assignment of error it appears that the indictment charged the theft of an automobile owned by Donald Jennings. In his testimony Donald Jennings testified that he leased the automobile from the O K Leasing Company.

██ Defendant's principal contention regarding the insufficiency of such testimony is that the terms and conditions of the lease should have been included. We find no merit in such contention. C 38, § 15-2, Ill Rev Stats 1967, provides in part, ". . . owner means a person, other than the offender, who has possession of or any other interest in the property involved . . . ." The requirement that the ownership of property alleged to have been stolen be alleged and proved is to safeguard the accused against double jeopardy. People v. Kurtz, 69 Ill App2d 282, 216 NE2d 524; see also People v. Jamison, 92 Ill App2d 28, 235 NE2d 849. However, we believe the testimony that Jennings was the lessee of the automobile constituted sufficient evidence of ownership. People v. Kurtz, supra. The evidence of ownership is sufficient to enable the defendant to plead the present conviction in bar of any subsequent prosecution for the same theft and the absence of the terms and conditions of the lease would not affect such right.

██ Defendant next argues that he was not proved guilty beyond a reasonable doubt. We find no merit to this contention and believe that no extended discussion is required. Defendant was apprehended while driving the automobile alleged to have been stolen. His defense was that he had been given a ride in the automobile which at the time was being operated by a person not previously known to the defendant and that such person had given defendant $5 to drive the car to St. Louis, having turned the car over to the defendant shortly before the defendant's arrest. Defendant argues that the testimony of the arresting officer is inherently improbable but after reviewing the record it is our conclusion that such testimony is not inherently improbable. Rather the record reveals that the jury declined to accept defendant's uncorroborated testimony that the automobile was actually stolen by some vaguely described third person. Under

such circumstances we believe the jury's verdict is amply supported by the evidence.

■■ Lastly, defendant argues that the sentence of from 2 to 10 years in the penitentiary is excessive. In this regard defendant argues that the present conviction is his only felony conviction and that the details of the offense itself are such that the serious penalty imposed was not required. In reviewing the record it appears to us if only the offense of which the defendant stands convicted in the instant case is considered, the sentence imposed might be regarded as excessive. However, in reviewing the report of the probation officer, it appears that the defendant had been incarcerated for four separate misdemeanor offenses during the preceding six years and had served two, one-year terms in the Illinois State Farm at Vandalia, Illinois. Thus while it may be said that the auto theft represented defendant's first felony conviction, in our opinion the court was not required to disregard the defendant's previous periods of incarceration and when they are taken into account we do not believe it can be said that the present sentence is excessive thereby warranting a reduction in sentence as provided in Supreme Court Rule 615(b).

For the foregoing reasons the judgment of the Circuit Court of Grundy County is affirmed.

Judgment affirmed.

ALLOY, P. J. and RYAN, J., concur.