THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MATHEW J. DALTON, Defendant-Appellant.

(No. 71-313;

Second District—September 11, 1972.

*Rehearing denied October 12, 1972.*

Marco & Mannina, of Downers Grove, for appellant.

William V. Hopf, State's Attorney, of Wheaton, (Daniel W. Burke, Assistant State's Attorney, of counsel, )for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant was found guilty in a bench trial of driving a motor vehicle while under the influence of intoxicating liquor and driving a motor vehicle while his license was revoked. He was sentenced to 90 days in the county jail on the first charge and 10 days for driving with a revoked license, the two sentences to run concurrently.

The defendant contends he was not proven guilty beyond a reasonable doubt and that he was denied a fair trial because "the trial court committed reversible error on the principal charge of driving while under the influence of intoxicating liquor, and that the court's predisposition of a conviction of the defendant on that charge, prejudiced the defendant on the charge of driving while license revoked." In support of this contention the defendant has cited the case of *People v. Rudder* (1968), 100 Ill.App.2d 163, 241 N.E.2d 108. *Rudder* does not in any way substantiate the contention of the defendant. In *Rudder* the

defendant was found guilty of aggravated battery and driving with license revoked. We held in that case that the trial court erred in refusing to direct a verdict on the assault charge under evidence that was not sufficient to warrant submission of that charge to the jury. The State confessed error in this point and we stated:

"* * * we are of the opinion that the refusal of the trial court to direct a verdict on the clearly inadequate proof of the assault charge here was a substantial error which, under the circumstances, may have precipitated and resulted in the verdict on the driving charge."

That is not the situation in the instant case. The defendant was found guilty of both charges in a bench trial and the question before us is whether or not the evidence is sufficient to substantiate such finding in both instances.

■■ We consider first the question of driving while under the influence of intoxicating liquor. On the evening of November 8, 1970, Richard L. Dziurzynski was driving on a highway in Bensenville when the defendant drove out of a driveway which led to a tavern and other stores and struck Dziurzynski's car. The defendant told Dziurzynski that he was going to walk home which he did, a distance of five blocks. Dziurzynski noticed the defendant could not talk clearly, smelled liquor on his breath, and that in his opinion he was under the influence of intoxicating liquor. Dziurzynski testified that he left home at 5:30 and that after the accident he walked across the street and called the police at 5:38; the police received the call at 5:38 and a patrolling officer was at the scene within 3-5 minutes. A license check was made as to the defendant's license and the police officer then proceeded to the defendant's home, arriving there at 5:50. The defendant at that time was intoxicated and the defense counsel so stipulated. At 6:35 visual and practical tests were given to the defendant in the police station and a breathalyzer test at 7:00 showing a reading of .235. Ill. Rev. Stat. 1969, ch. 95½, sec. 11—501 (c-3) provides that it will be presumed that a person is intoxicated when a reading of .10 is shown. The defendant testified that he had nothing to drink prior to the accident and after the accident he walked five blocks home, and immediately consumed a considerable amount of 100 proof whiskey in his home before the police arrived. Defendant's wife testified he arrived home at 5:20. The defense obviously is that the defendant became intoxicated after his arrival at his home. Examination of the time elapsed, however, raises considerable suspicion of defendant's quick intoxication upon his arrival at home. Dziurzynski testified that he left his home at 5:30, that the accident occurred, the defendant left the scene of the accident, Dziurzynski walked across the street, called the police, and the

police testified that the call was received at 5:38. In considering defendant's testimony, and that of his wife, he would have had to have left the scene of the accident shortly after 5:00 o'clock in order to arrive home at 5:20 as the distance walked was five blocks. The total elapsed time, according to the testimony of the police, from the time they received the call and their arrival at the defendant's home and finding him intoxicated, was twelve minutes, i.e., from 5:38 to 5:50. It is obvious that the court chose to believe the testimony of the witness, Dziurzynski, and the police officers, rather than that of the defendant and his wife. As we have repeatedly said, we will not substitute our judgment for that of the trial court who has had the opportunity to hear the testimony and observe the witnesses.

The defendant has cited in support of his position the case of *People v. Wells* (1968), 103 Ill.App.2d 128, 243 N.E.2d 427, as being identical with the instant case. There are two basic differences between *Wells* and the instant case. In *Wells* no one observed the defendant intoxicated at the scene of the accident which is not the case here, where the driver of the other car testified in his opinion the defendant was intoxicated. Secondly, in *Wells*, the accident occurred at 5:20 and the defendant was not observed intoxicated until one hour and twenty-five minutes later. In the instant case the time elapsed from the time of the accident to the observation of the defendant intoxicated at his home at the most would not exceed twenty minutes according to the witnesses for the State, or thirty minutes as contended by defendant and his wife. We therefore factually find that the instant case is definitely distinguishable from *Wells*.

The defendant introduced testimony of a biochemist as to time involved for intoxication. The purpose of this testimony was to indicate that the defendant must have ingested the alcohol after his arrival at home. The sum and substance of this witness' testimony was that with a 160 pound man a .235 reading at 7:00 P.M. and would have had to have a level of .26 at 5:30 P.M., and that such a point .26 level would make it extremely difficult for him to walk. However, he did testify such a person could walk five blocks.

■■ Turning then to the issue of defendant's driving with his license revoked, the defendant has raised a defense of "necessity." The defendant was employed at a Nike site and was called by the Assistant Commanding Officer on Sunday afternoon to repair a water heater in the mess hall. It is the opinion of the court that the type of necessity contemplated as a defense to a crime under Ill. Rev. Stat. 1969, ch. 38, sec. 7—13 is not the emergency repair of a water heater on a Sunday afternoon at a Nike site where some 40 other employees are employed. Ad-

ditionally, no evidence was adduced by defendant that he sought other transportation knowing that he did not have a license to drive a motor vehicle. Further, driving onto the highway from a driveway leading to a tavern is scarcely to be considered as the route to the purported place of necessity.

Lastly, with relation to driving with license revoked, the defendant contends that "the evidence showed the defendant had been in fact granted a restricted permit to drive to and from work." Examination of the record shows to the contrary. The restricted driving permit was issued by the Secretary of State eight days after the accident herein. Upon oral argument defense counsel further contended that the defendant did in fact have a driver's license. It is true that the defendant had a driver's license which he produced at the police station after a fifteen minute search, but the same had expired on February 10, 1970. Examination of the record indicates his current driver's license had been revoked on September 11, 1970, and at the time of the offense herein on November 8, 1970, he had no valid driver's license, restricted or otherwise. Judgment of the trial court is affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and ABRAHAMSON, J., concur.