THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERNEST MYERS, Defendant-Appellant.

Third District    No. 81-318

Opinion filed November 19, 1981.

Robert Agostinelli and Thomas A. Lilien, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

The defendant, Ernest Myers, appeals from the judgment of conviction for armed robbery entered against him in the Circuit Court of Will County following a jury trial. In his appeal, the defendant raises but one issue: Whether the trial court erred by giving the jury a non-IPI instruction as to when a person is armed with a dangerous weapon.

At the trial, the defendant conceded he was guilty of robbery but, testifying the gun was not loaded, contested the question of whether he was armed with a dangerous weapon at the time of the robbery. The trial court instructed the jury as follows:

"A person commits the crime of armed robbery who, while armed with a dangerous weapon, takes property from the person or presence of another by the use of force or by threatening the imminent use of force." Illinois Pattern Jury Instructions, Criminal, No. 14.01 (1968) (hereinafter IPI).

"To sustain the charge of armed robbery, the State must prove the following propositions;

That the defendant took United States Currency from the person or presence of Diane Campbell; and

That the defendant did so by the use of force or by threatening the imminent use of force; and

That the defendant was armed with a dangerous weapon.

If you believe from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty." (IPI Criminal No. 14.02.)

The trial court also gave the following non-IPI instruction over defense objection:

"A person is considered armed with a dangerous weapon when he carries on or about his person or is otherwised [*sic*] armed with a bludgeon, or other weapon of like character."

We agree with the defendant that a non-IPI instruction should not be given unless the relevant IPI instructions fail to accurately state the law. (Ill. Rev. Stat. 1979, ch. 110A, par. 451(a).) We also agree that what constitutes a dangerous weapon for armed robbery does not necessarily constitute a dangerous weapon under the armed violence statute, wherein categories of dangerous weapons are specified. *People v. Watkins* (1981), 94 Ill. App. 3d 749, 419 N.E.2d 54.

■■ Therefore, we agree that it was improper for the trial court to instruct the jury as it did. A comparison of the new IPI Criminal Nos. 4.17 and 11.19 will demonstrate this error. No. 4.17 is the definition for a dangerous weapon, to be used in armed robbery situations, and states:

"An object or an instrument which is not inherently dangerous may be a dangerous weapon depending on the manner of its use and the circumstances of the case."

No. 11.19, which is to be used in armed violence cases, states, in relevant part:

"A person is considered armed with a dangerous weapon when he carries on or about his person or is otherwise armed with a _____."

The disputed instruction in this case is very similar to No. 11.19 even though this is an armed robbery case, rather than an armed violence case.

■■ Nevertheless, a review of the record indicates not only that the defendant has waived this issue for purposes of review, but that the

error was harmless beyond a reasonable doubt. Although the defendant objected to the instruction, the issue was neither included in the defendant's written, post-trial motion, nor was it argued to the court at the time the motion was considered. As a result, the defendant has waived this issue for purposes of review on appeal. *People v. Brabson* (1977), 54 Ill. App. 3d 134, 369 N.E.2d 346.

Furthermore, since the jury, based on the instruction given, must have determined that the gun could have been used as a bludgeon, *i.e.*, was bludgeon-like, and even an unloaded handgun capable of being used as a bludgeon is a dangerous weapon for purposes of armed robbery *(People v. Skelton* (1980), 83 Ill. 2d 58, 414 N.E.2d 455; *People v. De La Fuente* (1981), 92 Ill. App. 3d 525, 414 N.E.2d 1355), the error was harmless.

The defendant attempts to argue that the Illinois Supreme Court decision in *Skelton* holds that every bludgeon-like instrument is not a dangerous weapon for armed robbery. However, the court does not quite state the rule in that fashion. Instead, the court held that a plastic, toy gun was not a dangerous weapon because, among other things, it was too light to be used effectively as a bludgeon. Yet, the court did state:

> "Most, if not all, unloaded real guns and many toy guns, because of their size and weight, could be used in deadly fashion as bludgeons. Since the robbery victim could be quite badly hurt or even killed by such weapons if used in that fashion, it seems to us they can properly be classified as dangerous weapons although they were not in fact used in that manner during the commission of the particular offense. It suffices that the potential for such use is present; the victim need not provoke its actual use in such manner." *People v. Skelton* (1980), 83 Ill. 2d 58, 66, 414 N.E.2d 455, 458.

At the trial, the handgun, admitted into evidence, was described as a 6.35 millimeter, semi-automatic handgun from West Germany. The gun, which could be unloaded either by firing or removing the clip, weighed a little less than 13 ounces. We have also observed that the gun is made of heavy metal and has metal corners which could cause serious injury if the weapon were used as a bludgeon.

■■ In this case, the jury must have made one of two findings to return a guilty verdict. If they found the gun was loaded, certainly it would be dangerous *per se*. *(People v. Skelton* (1980), 83 Ill. 2d 58, 414 N.E.2d 455.) If the jury found the gun was unloaded, but could be used as a bludgeon, this finding, too, is supported by the evidence. Therefore, the giving of the instruction was harmless beyond a reasonable doubt.

For the foregoing reasons, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

ALLOY and BARRY, JJ., concur.