THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS CASHEN, Defendant-Appellant.

Fourth District    No. 4—82—0548

Opinion filed February 23, 1983.

Costello, Long, Young & Metnick, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman and Rebecca White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

On September 17, 1981, defendant, Thomas Cashen, was charged in the circuit court of Sangamon County with the offense of reckless homicide (Ill. Rev. Stat. 1981, ch. 38, par. 9—3(a)) and tried by a jury. At the State's request, the trial court instructed the jury that the offenses of reckless conduct (Ill. Rev. Stat. 1981, ch. 38, par. 12—5) and disobeying a traffic control device (Ill. Rev. Stat. 1981, ch. 95½, par. 11—305) were "included offenses" (Ill. Rev. Stat. 1981, ch. 38, par. 2—9) of the reckless homicide charge. The court submitted verdict forms to the jury as to all three offenses. On April 30, 1982, the jury returned verdicts acquitting defendant of reckless homicide and reckless conduct but finding him guilty of disobeying a traffic control device. Judgment was entered on the verdicts on that day. Subsequently, defendant was fined $250 and costs.

Defendant's motion in arrest of judgment was denied. In that motion, he asserted that the offense of disobeying a traffic control device was not an included offense of the charged offense of reckless homicide. On appeal he reasserts the contention of that motion.

Section 2—9 of the Criminal Code of 1961 states:
 " 'Included offense' means an offense which
    (a) Is established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged, or
    (b) Consists of an attempt to commit the offense charged or an offense included therein." (Ill. Rev. Stat. 1981, ch. 38, par. 2—9.)

In *People v. Cramer* (1981), 85 Ill. 2d 92, 421 N.E.2d 189, the supreme court held it was not proper to submit to the jury the question of an accused's commission of an uncharged but included offense of that charged, when the only element of the charged offenses which was in dispute was also an element of the included offense. In discussing the included offense doctrine, the court stated that the United States Supreme Court, in deciding whether one offense is an included offense of another, has never focused on a comparison of the offenses in the abstract, but rather on a comparison of the included offense to the greater offense as charged.

The question of whether the focus should be on the offenses as defined by statute or on the greater offense as charged has seldom been discussed. (See *People v. Zegart* (1980), 83 Ill. 2d 440, 445, 415 N.E.2d 341, 344 (Underwood, J., dissenting); *In re Vitale* (1978), 71 Ill. 2d 229, 240, 375 N.E.2d 87, 92 (Underwood, J., dissenting), *vacated and remanded* (1980), 447 U.S. 410, 65 L. Ed. 2d 228, 100 S.

Ct. 2260.) Although no case directly deciding the question has been called to our attention, the tenor of the cases decided before *Cramer* seemed to place the focus on an abstract comparison of the statutory definition of the offenses. (*People v. Foust* (1980),82 Ill. App. 3d 516, 401 N.E.2d 1329; *People v. Delk* (1976), 36 Ill. App. 3d 1027, 345 N.E.2d 197.) However, after *Cramer,* in *People v. Wys* (1982), 103 Ill. App. 3d 273, 431 N.E.2d 38, in affirming a conviction where a defense request for an instruction on an included offense had been refused, the court examined the offense charged, and the claimed included offense on the basis of the charge. We deem the rule stated in *Cramer* and followed in *Wys* to be appropriate to this case.

The indictment here charged defendant with committing the offense of reckless homicide in that, "acting in a reckless manner," he performed "acts likely to cause death or great bodily harm," because after consuming alcoholic beverages, he "operated a motor vehicle" in a certain place "and did disobey a traffic control device" at a certain intersection "so as to strike a motor vehicle driven by Debra Trask within said intersection thereby causing the death of Debra Trask." Thus, the only wrongful act charged of defendant was that he disobeyed "a traffic control device." Under the charge, the reckless homicide offense could not be proved without proof that defendant disobeyed the traffic control device. Accordingly, that offense was an included offense of the reckless homicide offense as the latter was charged.

Even if the uncharged offense is an included offense of the charged offense, the jury cannot be instructed properly on the included offense unless the evidence shows that there is an issue of fact involving only the greater offense. (*Cramer.*) If all questions of fact were common to both offenses, a reasonable jury could not acquit of the greater offense but convict of the included offense. Here, under the evidence, the jury could have concluded that defendant committed the offense of running the red light, but that this conduct was not gross enough to be reckless.

The trial court properly submitted to the jury the issue of whether defendant was guilty of the included offense of disobeying a traffic control device. Defendant's conviction of that offense is affirmed.

Affirmed.

WEBBER, P.J., and TRAPP, J., concur.