THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DERRLYN LINCOLN, a/k/a Hosea Carter, Defendant-Appellant.

Fourth District   No. 4—85—0857

Opinion filed August 7, 1986.—Rehearing denied September 12, 1986.

Daniel D. Yuhas and Allen H. Andrews, both of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Gwendolyn Klingler, all of State's Attorneys Appellate Prosecutor, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Following a jury trial, defendant was found guilty of two counts of armed violence (Ill. Rev. Stat. 1983, ch. 38, par. 33A—2), theft over $300 (Ill. Rev. Stat. 1983, ch. 38, par. 16—1), possession of a stolen or converted motor vehicle (Ill. Rev. Stat. 1983, ch. 95½, par. 4—103(a)), and unlawful use of a weapon by a felon (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 24—1.1). Judgment was entered on the count of armed vi-

olence based upon theft over $300, the count of theft over $300, and the unlawful-use-of-weapons count. Judgment was withheld on the other two counts. Defendant was sentenced to concurrent terms of 12 years' imprisonment for the one count of armed violence, 5 years' imprisonment for the theft over $300 charge, and 5 years' imprisonment on the charge of unlawful use of a weapon by a felon. On appeal, defendant challenges only his conviction for the offense of armed violence. The facts relating to that charge follow. On October 15, 1984, defendant was found in possession of an automobile which had been stolen from a convenience store in Urbana. As defendant was being removed from the automobile, one of the officers saw that defendant had a gun in his waistband. This matter was brought to the attention of the other officers present. The officers seized defendant as he was reaching for the gun and took the gun away from him.

At defendant's trial, Krail Lattig, a State of Illinois forensic scientist who specializes in firearms, testified on behalf of the defense. When defense counsel questioned Lattig about the gun taken from defendant, the State objected on relevancy grounds. Although the court initially sustained the objection, it later reconsidered its ruling and allowed Lattig to testify as to whether the gun was operational.

Lattig testified that the gun was "not in proper operating condition." Lattig had loaded the gun with live ammunition, but the gun could not fire and the cylinder would not rotate. The gun could not fire because the blow from the hammer was too light to ignite the primer of the ammunition. Lattig testified that if the gun were in the same condition on October 15, 1984, as it was on the day he examined it, the gun could not function properly on October 15.

The parties stipulated that the gun examined by Lattig was in substantially the same condition on October 15, 1984, as it was on October 22, 1984, the day Lattig examined it.

Defendant tendered several jury instructions explaining the offense of armed violence with a category I weapon and armed violence with a category II weapon. For example, defendant's instruction No. 2 provided as follows:

"A person commits armed violence with a category I weapon when he commits the offense of theft over $300.00 while armed with a category I weapon.

A person is considered armed with a category I weapon when he carries on or about his person or is otherwise armed with a handgun that is operable."

Defendant's instruction No. 4 provided as follows:

"A person commits armed violence with a category II

weapon when he commits the offense of theft over $300.00 while armed with a category II weapon.

A person is considered armed with a category II weapon when he carries on or about his person or is otherwise armed with a handgun that is not operable."

Similar instructions and verdict forms were also tendered by defendant. The court refused to give defendant's tendered instructions and verdict forms concerning the distinction between armed violence with a category I weapon and armed violence with a category II weapon. The court also refused to give defendant's instructions defining operable and inoperable handguns. Instead, the court instructed the jury, over defendant's objection, as follows:

"A person commits Armed Violence when he commits the offense of Theft Over $300.00 while armed with a dangerous weapon.

A person is considered armed with a dangerous weapon when he carries on or about his person or is otherwise armed with a handgun.

To sustain the charge of Armed Violence, the State must prove the following propositions:

First: That the Defendant committed the offense of Theft Over $300.00; and

Second: That when he committed the offense of Theft Over $300.00 he was armed with a dangerous weapon, a handgun.

If you find from your consideration of all the evidence that each one of these propositions has been proved beyond a reasonable doubt, you should find the Defendant guilty.

If you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, you should find the Defendant not guilty.

* * *

A handgun is a Category I weapon."

The jury was also instructed as to the elements of the offense of theft over $300.

Following deliberations, the jury returned the verdict mentioned earlier. Judgment was entered on the verdict and defendant was sentenced as explained earlier.

On appeal, defendant argues that the court erred in not permitting the jury to make a finding as to whether the handgun was a category I weapon or a category II weapon under the statute defining a "dangerous weapon" for purposes of the offense of armed violence. Defendant argues that an inoperable handgun is a category II weapon

rather than a category I weapon.

Section 33A—2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 33A—2) provides as follows:

"Armed violence—Elements of the offense. A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law."

Section 33A—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 33A—1) provides as follows:

"Definitions. (a) 'Armed with a dangerous weapon'. A person is considered armed with a dangerous weapon for purposes of this Article, when he carries on or about his person or is otherwise armed with a category I or category II weapon. (b) A category I weapon is a pistol, revolver, rifle, shotgun, spring gun, or any other firearm, sawed-off shotgun, a stun gun or taser as defined in paragraph (a) of Section 24—1 of this Code, knife with a blade of at least 3 inches in length, dagger, dirk, switchblade, knife, stiletto, or any other deadly or dangerous weapon or instrument of like character. (c) a category II weapon is a bludgeon, blackjack, slungshot, sand-bag, sand-club, metal knuckles, billy or other dangerous weapon of like character."

Section 33A—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 33A—3) provides as follows:

"Sentence. (a) Violation of Section 33A—2 with a Category I weapon is a Class X felony. (b) Violation of Section 33A—2 with a category II weapon is a Class 2 felony or the felony classification provided for the same act while unarmed, whichever permits the greater penalty. A second or subsequent violation of Section 33A—2 with a Category II weapon is a Class 1 felony or the felony classification provided for the same act while unarmed, whichever permits the greater penalty."

Both parties cite cases in which courts have determined that an inoperable or unloaded gun is or is not a "dangerous weapon" for purposes of. other acts. (See *McLaughlin v. United States* (1986), 476 U.S. ___, 90 L. Ed. 2d 15, 106 S. Ct. 1677 (holding that an unloaded handgun is a "dangerous weapon" under the Federal Bank Robbery Act (18 U.S.C. sec. 2113)); *People v. Richards* (1975), 28 Ill. App. 3d 505, 328 N.E.2d 692 (noting that an inoperable gun is not a "dangerous weapon" under the Illinois statute setting forth the elements of armed robbery).) However, because of the unique structure of the armed-violence statute, these cases are not relevant. What constitutes a dangerous weapon for purposes of these other acts or offenses does not necessarily constitute a dangerous weapon under the armed-vio-

lence statute, wherein categories of dangerous weapons are specified. See *People v. Myers* (1981), 101 Ill. App. 3d 1073, 428 N.E.2d 1156.

■ Defendant, however, points to two cases in which this court discussed the issue raised herein but held that any error was waived by the defendants' failure to raise the issue in the courts below. In *People v. Howard* (1979), 78 Ill. App. 3d 858, 397 N.E.2d 877, the defendant, who used a rifle during the commission of an attempted murder, argued that the class of weapon involved in the commission of the underlying felony is an essential element of the offense of armed violence and that he was entitled to a jury verdict on the class of weapon that was involved. We held that the category of weapon is an essential element of the offense and noted that "defendant may have been entitled to a jury finding on the category of weapon." (78 Ill. App. 3d 858, 865, 397 N.E.2d 877, 883.) We concluded, however, that the defendant had waived any defect by failing to object to the court's instruction which required the State to prove that the defendant was armed with a dangerous weapon and did not require the jury to find that defendant had committed attempted murder while armed with a rifle, a category I weapon. In *People v. Foust* (1980), 82 Ill. App. 3d 516, 401 N.E.2d 1329, the defendant who had used a gun during the commission of unlawful restraint and intimidation, argued that he was entitled to a jury instruction which required the jury to make a finding as to the category of the weapon used. We noted that an identical argument was raised in *Howard* and that the court in *Howard* determined that although the defendant may have been entitled to a jury finding on the category of weapon, the defect was waived by the defendant's failure to object to the jury instructions. Similarly, in *Foust*, we concluded that defendant had waived any error since the instructions in question were given without objection. In both *Howard* and *Foust*, we ruled that defendant *may be* entitled to a jury finding on the category of weapons involved. Our comments in this regard were mere *dicta* since our holdings in both cases rested on principles of waiver. A judicial opinion is authority only for what is actually decided. *Board of Governors v. Illinois Fair Employment Practices Com.* (1979), 78 Ill. 2d 143, 399 N.E.2d 590.

■ We conclude that defendant was not entitled to a jury finding as to the category of the weapon involved in the commission of the instant offense. The weapons mentioned specifically in section 33A–1 are weapons which have been determined to be *per se* dangerous weapons. (See *People v. Hall* (1983), 117 Ill. App. 3d 788, 453 N.E.2d 1327 (noting that a knife with a 3-inch blade is *per se* a dangerous weapon but that a knife with a shorter blade may also be character-

ized as a dangerous weapon depending upon its use), *cert. denied* (1984), 467 U.S. 1228, 81 L. Ed. 2d 878, 104 S. Ct. 2683.) The statute lists a gun as a category I weapon and does not condition that classification upon the use or condition of the gun. Section 33A—1 represents a legislative declaration that the use of certain dangerous weapons is to carry a greater punishment that the use of other dangerous weapons. Courts are bound to follow the clear language of the legislature, and we must do so in the instant case.

■■ We hold that a gun, whether operable or inoperable, is a category I weapon and the jury may be so instructed when a gun is used in the commission of the offense of armed violence. We express no opinion as to whether a defendant is entitled to a jury instruction concerning the character of a weapon which is not specifically classified as a category I weapon or a category II weapon.

For the foregoing reasons, the judgment below is affirmed.

Affirmed.

McCULLOUGH, P.J., and MORTHLAND, J., concur.