THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* BENNIE LENARD, Defendant-Appellant.

First District (3rd Division)   Nos. 77-1961, 78-1844 cons.

Opinion filed December 26, 1979.

Singer, Stein & Green, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Paul C. Gridelli, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Bennie Lenard, was charged with resisting a police officer, unlawful use of a weapon, failure to possess a valid firearm owner's identification card, driving while intoxicated, battery, transportation of alcoholic liquor, failure to reduce speed, improper lane usage, and driving without a valid driver's license. The charges of failure to reduce speed, improper lane usage and driving without a valid driver's license were stricken with leave to reinstate by the prosecution after it had presented its case-in-chief. A jury convicted defendant of the petty offense of transportation of alcoholic liquor (Ill. Rev. Stat. 1977, ch. 95½, par. 11—502), and acquitted him on the other charges. The court entered judgment on the guilty verdict and fined defendant $100 and $215 costs. After filing a timely appeal, defendant filed a section 72 motion to vacate the judgment. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) The trial court denied the petition, and defendant appeals from his conviction and from the denial of his section 72 petition. Defendant contends on appeal that the prosecution failed to disclose and tender documents containing exculpatory material thus denying him a fair trial; that the trial court erred in failing to conduct an evidentiary hearing on his section 72 petition; that the trial court unduly restricted his right to cross-examine witnesses and to

introduce evidence; that the jury was not instructed as to the essential elements of the offense for which he was convicted; and that he was not proved guilty beyond a reasonable doubt.

On April 10, 1977, defense counsel filed a motion for discovery seeking an order directing the prosecution to produce evidence favorable to the defense. The prosecution responded that it had no such evidence in its possession. The following pertinent evidence was adduced at trial.

On January 31, 1977, at approximately 1:15 p.m., in Melrose Park, Illinois, a vehicle driven by defendant struck an automobile driven by Andrea Dreyer. Victoria Donahue was a passenger in the Dreyer vehicle.

Both women testified that when defendant emerged from his automobile after the accident he staggered as he walked. Dreyer noticed an odor of alcohol when she spoke to defendant. The drivers argued about who was at fault in the accident. During this argument, defendant struck Dreyer once in the arm and grabbed the front of her coat. Dreyer then summoned the police.

Two employees of a nearby company testified that they saw defendant stagger, and one witness also observed defendant grab Dreyer's arm and coat. The witness further testified that defendant entered a blue pickup truck, after which the driver of the truck searched defendant's automobile and removed a brown paper bag.

Officer Joseph Sansone of the Melrose Park Police Department testified that upon his arrival on the scene he observed defendant stagger and that his speech was slurred. He formed the opinion that defendant was under the influence of intoxicating liquor. Officer Sansone testified that he saw his fellow officer, Robert Argento, search defendant's automobile and come out holding a gun and a can of beer.

Officer Argento testified that after effecting an arrest he attempted to handcuff defendant, but needed Sansone's assistance when defendant resisted. Argento seated defendant in the squad car and went to secure defendant's vehicle. When Argento opened the door of defendant's vehicle, Argento saw the butt of a pistol. After removing the revolver, he searched the automobile and found a half-filled beer can on the floor near the front seat. Argento testified that when he arrived at the station, he gave the beer can to either Caliendo or Carpino.

Dreyer and Donahue contradicted the officers' testimony regarding the search. They testified that after defendant was handcuffed and placed in Argento's vehicle, he was immediately driven away. The other eyewitnesses testified that they saw an officer search defendant's automobile and remove what appeared to be a can. They disagreed, however, as to which officer conducted the search.

Officer Joseph Caliendo testified that he received a partially filled can from Argento on the day of the accident. He sealed the can and placed it

in the evidence room. In mid-February, Caliendo delivered the can to the crime laboratory where it was analyzed and found to contain alcohol.

After the State rested, the defendant made four offers of proof. When the trial court denied these offers of proof, the defense rested. The jury found defendant guilty of transportation of alcoholic liquor and acquitted him of the remaining charges.

Defendant's section 72 petition to vacate the judgment alleged that the jury verdict was based on tainted testimony of witnesses and that new evidence tendered to defendant would have resulted in a different finding had it been available at trial. The new evidence, obtained through the discovery process in a suit brought by defendant in the Federal court against the Melrose Park Police Department and individual police officers, included a police department supplementary incident report and a police shift report. Attached to the motion was a copy of Officer Carpino's deposition which indicated that he received the beer can from Argento on February 15. After considering the pleadings, memoranda and arguments of counsel, the trial court denied the petition.

Because we believe the undue restriction of defendant's right to cross-examine witnesses warrants a new trial, it is unnecessary to consider his principal contention that the prosecutor's failure to furnish him with police documents containing exculpatory material deprived him of a fair trial. Defendant now has possession of the documents, and they will be available during the retrial.

Defendant contends that the trial court unduly restricted his cross-examination of witnesses and improperly refused to admit evidence in support of his theory of the case. In particular, defendant contends that he should have been allowed to present to the jury facts of an alleged beating inflicted upon him by the arresting officers. He also argues that he should have been permitted to ask the officers about their refusal to answer questions during an internal police department investigation and grand jury hearing. Defendant also sought to introduce a copy of his complaint filed in the Federal court.

■■ ■ Defendant attempted to cross-examine the officers and to present evidence of the beating in order to impeach the witnesses by eliciting their bias and motive to testify falsely. Showing a witness' bias, interest or motive is an accepted method of impeachment. (*People v. Kellas* (1979), 72 Ill. App. 3d 445, 389 N.E.2d 1382.) Cross-examination for such impeachment is a matter of right, subject to the court's discretion to preclude repetitive or unduly harassing interrogation and to confine the extent of cross-examination to a proper subject matter. (*People v. Thompson* (1979), 75 Ill. App. 3d 901, 394 N.E.2d 422.) Moreover, the widest latitude should be allowed defendant on cross-examination for the purpose of establishing bias. (*People v. Barr* (1972), 51 Ill. 2d 50, 280

N.E.2d 708; *People v. Naujokas* (1962), 25 Ill. 2d 32, 182 N.E.2d 700.) To be admissible, however, evidence showing bias toward a party must be direct and positive, not remote or uncertain. (See *People v. Hanks* (1974), 17 Ill. App. 3d 633, 307 N.E.2d 638.) In *People v. Pickett* (1975), 34 Ill. App. 3d 590, 340 N.E.2d 259, defendant sought to introduce evidence of a beating inflicted upon defendant after his arrest. The beating had been administered by the partner of the police officer testifying at trial. Defendant was attempting to use the evidence to show the witness' bias. In *Pickett* this court noted that there had been no offer of proof to show any misconduct by the testifying officer and that the cross-examination of the witness had been thorough. This court held that the evidence of the subsequent acts of a nonwitness was too collateral and uncertain to be introduced against the testifying officer to elicit bias. The present case, however, is distinguishable in that here defendant sought to introduce evidence and cross-examine about misconduct allegedly committed by the testifying officers. The excluded evidence thus was not too collateral or remote. But see *People v. Raby* (1968), 40 Ill. 2d 392, 240 N.E.2d 595, *cert. denied* (1969), 393 U.S. 1083, 21 L. Ed 2d 776, 89 S. Ct. 867.

■■■ The latitude to be allowed in the cross-examination of witnesses rests largely within the sound discretion of the trial court, and its ruling will not be disturbed on review unless there has been a clear abuse of discretion resulting in manifest prejudice to defendant. (*People v. Hampton* (1977), 46 Ill. App. 3d 455, 360 N.E.2d 1333; *People v. Pickett.*) We do not believe the court erred in prohibiting the introduction of the complaint filed by defendant in the Federal court. (See *People v. Jarosiewicz* (1977), 55 Ill. App. 3d 1057, 371 N.E.2d 949.) We also believe that the court properly sustained objections to questions concerning the officers' refusal to answer questions during an internal departmental investigation and at a grand jury hearing. Their silence was not sufficiently inconsistent with their testimony at trial to permit its use for impeachment. (See *Grunewald v. United States* (1957), 353 U.S. 391, 1 L. Ed. 2d 931, 77 S. Ct. 963.) We do find that the trial court abused its discretion in excluding all evidence and cross-examination relating to the alleged beating. The police officers were key witnesses whose credibility was important. Defendant was trying to demonstrate that the officers' testimony should not be believed because they were attempting to cover up the beating. We thus believe the alleged beating was a proper subject matter for cross-examination. Where defendant's theory is that prosecution witnesses are unbelievable, it is reversible error not to permit cross-examination on matters which would reasonably tend to show bias, interest, or motive to testify falsely. See *People v. Lake* (1978), 61 Ill. App. 3d 428, 378 N.E.2d 364; *People v. Baptiste* (1976), 37 Ill. App. 3d 808, 347 N.E.2d 92.) Defendant's conviction must be reversed and the cause remanded for a new trial.

We shall refer briefly to defendant's contention that he was not proved guilty beyond a reasonable doubt of transportation of alcoholic liquor. The evidence adduced was ample to sustain defendant's conviction. While defendant argues that the exculpatory material revealed in the police documents will render impossible the State's burden of establishing the chain of custody of the can of beer, it will remain for the trier of fact at the new trial to ascertain whether that fact will be established.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed, and the cause is remanded for a new trial consistent with the views expressed herein.

Reversed and remanded.

SIMON, P. J., and RIZZI, J., concur.