THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LOUIS STEVEN WYS, Defendant-Appellant.

Third District    No. 81-21

Opinion filed January 20, 1982.—Rehearing denied February 18, 1982.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce W. Black, State's Attorney, of Pekin (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

Defendant, Steven Wys, appeals his convictions of the offenses of reckless conduct (Ill. Rev. Stat. 1979, ch. 38, par. 12—5) and aggravated battery of a peace officer (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(6)) following a jury trial on December 8 and 9 of 1980. On appeal, defendant Wys urges us to reverse his convictions contending that the trial court improperly refused to submit to the jury his tendered instructions on the offense of resisting or obstructing a peace officer, that certain improper remarks were made by the prosecutor during closing argument denying him a fair trial, and that his sentence was excessive.

Officer Fisher of the East Peoria Police Department testified that he and Officer Trigourea responded to a call from the Newell Hotel reporting that someone had discharged a fire extinguisher and they went to defendant's room to question him. Defendant denied the accusations and became loud and disorderly and began cursing the officers. Defendant was then placed under arrest and a struggle ensued. During the course of the struggle, defendant turned and kicked Officer Fisher's leg or knee. This conduct was charged in count I of the indictment returned against the defendant, alleging aggravated battery in violation of section 12—4(b)(6) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(6)). At the police station, Wys continued to argue and direct profanities at the police officers and refused to empty his pockets or remove his boots. Another struggle resulted, during the course of which defendant kicked Officer Fisher in the groin. This was the basis for the second count of the indictment charging defendant with a second violation of that section. Thereafter, another member of the police department led defendant to the cell area of the station. As defendant was being led toward the area, he cursed at Officer Fisher and spat in his face. This was the act complained of in the third count of the indictment returned against defendant charging him with the offense of aggravated battery upon a police officer.

Officer Fisher's testimony related these acts and the circumstances surrounding the arrest and was largely corroborated in this respect by Officer Trigourea who was present with Officer Fisher on the night in question. No other witnesses testified and defendant presented no evidence in his behalf. At the instructions conference, defendant tendered

instructions defining the offense of resisting or obstructing a police officer and the issues thereon (Illinois Pattern Jury Instructions, Criminal, Nos. 22.09, 22.10 (2d ed. 1971)), but such instructions were refused on the ground that the offense of resisting or obstructing a peace officer was not an included offense, and was therefore not required to be submitted to the jury. The jury did receive an instruction on reckless conduct as a lesser included offense.

The jury found the defendant guilty of the lesser included offense of reckless conduct on count I, and brought in a verdict of guilty as charged as to counts II and III. Judgment was entered upon the verdict and defendant was sentenced to 364 days for reckless conduct, and two terms of 5 years' imprisonment for aggravated battery, all of which were to run concurrently.

Defendant's first assignment of error concerns the propriety of the trial judge's refusal to give to the jury his tendered instructions concerning the offense of resisting or obstructing a peace officer as a lesser offense of the crime of aggravated battery of a police officer. At the instructions conference, defendant urged the jury to be instructed on the lesser crime on the grounds that the crime of resisting or obstructing a peace officer was a lesser included offense of aggravated battery. The trial judge refused the instruction reasoning that bodily harm was not a necessary element of resisting or obstructing a peace officer and therefore was not a lesser included offense. The State likewise argues that the proposed instruction was not a lesser included offense, but for different reasons. Our examination of the transcript of the instruction conference and the relevant authorities leads us to the conclusion that though the trial judge reached the correct result, he did so for the wrong reasons.

■■ A defendant's entitlement to a lesser included offense instruction is dependent upon a showing that (1) the lesser offense is included in the offense charged, and (2) that the charged greater offense requires the jury to decide a disputed factual element which is not required for conviction of the lesser included offense. *People v. Cramer* (1981), 85 Ill. 2d 92, 421 N.E.2d 189.

Section 2—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 2—9) defines a lesser included offense as an offense which contains some but not all of the elements of the greater offense and which contains no element not included in the greater. (See *People v. Delk* (1976), 36 Ill. App. 3d 1027, 1041, 345 N.E.2d 197, 209.) This simple statement of the definition lends little to the proper focus in determining a lesser included offense since we note that three different approaches are used to test an offense as a lesser included offense. Under this strict test the elements of the greater offense are compared with the elements of the lesser offense. If all of the elements of the lesser offense are included within the greater

and the lesser does not have any element not included in the greater, the lesser is deemed to be a lesser included offense. Under this approach defendant's proposed instruction on the offense of resisting or obstructing a peace officer could never be lesser included since an element present in the lesser offense (*i.e.*, resisting or obstructing) is an element not required for conviction of the greater. As such, resisting or obstructing a peace officer is not a lesser included offense of the offense of aggravated battery upon a peace officer, with which defendant was charged. This abstract approach, however, was rejected by the Illinois Supreme Court in *Cramer*, wherein the issue there presented was precisely the issue we consider: a defendant's entitlement to a lesser included offense instruction. The court in *Cramer* stated:

"The United States Supreme Court has never analyzed the included-offense doctrine, when applied to a defendant's request for an included-offense jury instruction, from the perspective of a comparison of the abstract elements of the statutes under which the crime was charged and the statute on which defendant grounded the tendered instruction, the perspective the State urges us to adopt in the instant case. In fact, the court has never even discussed that test as articulated in *Blockburger v. United States* (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180, or even cited that opinion or its progeny in the context of the issue presented here. Rather, as can be seen from the excerpt of *Sansone* quoted above, the analysis has focused upon the crime charged in order to determine whether the offense upon which an instruction is sought is included within it. [Citations.]" 85 Ill. 2d 92, 98, 421 N.E.2d 189, 191.

The second approach required of us by *Cramer* looks to the offense charged in the indictment to determine if the offense is a lesser included offense. Thus, in a case where some of the elements of the crime *charged* comprise a lesser included crime, the defendant, if the jury could rationally acquit him on a greater offense and convict on the lesser, is entitled to an instruction on the lesser offense. 85 Ill. 2d 92, 421 N.E.2d 189, 192; *United States v. Stavros* (7th Cir. 1979), 597 F.2d 108, 112.

The final approach, fashioned by *United States v. Whitaker* (D.C. Cir. 1971), 447 F.2d 314, to determine if an offense is a lesser included offense looks at the evidence offered by the prosecution on the offense at issue. Under this test, the defendant is entitled to a lesser-offense instruction if, under the evidence presented, the crime is included within the one charged and the evidence is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater, and guilty of the lesser included charge. We express no view here whether this test may, in a proper case, entitle a defendant to an instruction on an offense which,

either in the abstract or under the indictment, is not lesser included but which, on the evidence presented, is a lesser included offense. Suffice to say that upon this test, we, as the supreme court did in *Cramer* (85 Ill. 2d 92, 98, 421 N.E.2d 189, 191), express no opinion, as such is not necessary to the present decision.

All three of these methods are useful in determining if an offense is a lesser included offense, but the establishment of an offense as a lesser included offense does not automatically give rise to a correlative right to have the lesser included instructions submitted to the jury. The lesser included offense is properly submitted only where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser crime. (85 Ill. 2d 92, 98, 421 N.E.2d 189, 191-92; *Sansone v. United States* (1965), 380 U.S. 343, 349-50, 13 L. Ed. 2d 882, 888, 85 S. Ct. 1004, 1009.) This statement is aptly demonstrated by the factual circumstances of *Cramer*. In *Cramer*, defendant was convicted of the offense of theft of property (a motor vehicle) having a value in excess of $150, and sought an instruction on a lesser offense under section 4—103(a)(1) of the Illinois Vehicle Code (Ill. Rev. Stat. 1977, ch. 95½, par. 4—103(a)(1)). The court there held that the instruction was properly refused since the lesser offense could be proved under the same facts necessary to convict of theft, as they both required the same elements to sustain a conviction. The lesser offense was therefore properly refused as the charged greater offense did not require the jury to find a disputed factual element in the greater offense which was not required for conviction of the lesser.

■■ Likewise, in the case at bar, assuming that resisting or obstructing a peace officer is a lesser included offense to the three counts of aggravated battery, the proposed lesser included offense instruction was properly refused since the greater offense did not require the jury to find a disputed factual element not required for conviction upon the lesser. The only elements required for conviction on the greater offenses, which were not required for conviction of the lesser included offense, were the elements of harm to Officer Fisher, and physical contact of an insulting or provoking nature with him. With respect to the proof on these issues there is no dispute. The State produced evidence of the pain suffered by Officer Fisher as a result of the acts alleged in counts I and II, and of the defendant spitting on Officer Fisher, alleged as the basis for count III. Defendant did not introduce testimony to the contrary and has not, in this appeal, challenged the evidence of harm or physical contact of an insulting or provoking nature as insufficient to establish his conviction for the charged offenses. We find that there was no disputed element contained in the greater offense of aggravated battery upon a peace officer

which was not required for the conviction of the lesser and that defendant's proposed instruction on the lesser offense of resisting or obstructing a peace officer was properly refused.

Defendant further argues that he is entitled to submit to the jury any instruction for an offense properly made out by the evidence in the case, to accord him the full benefit of the reasonable doubt standard, even if the offense is not a lesser included offense of the crime charged, citing *Beck v. Alabama* (1980), 447 U.S. 625, 65 L. Ed. 2d 392, 100 S. Ct. 2382. We find this case inapposite. *Beck* held simply that a State capital offense statute which prohibited the giving of a lesser included offense instruction, where there is evidence presented from which a jury could convict of the lesser and acquit of the greater, is violative of the defendant's due process rights. *Beck* does not involve the situation where an instruction is submitted solely as a lesser offense not properly submitted as a lesser included offense, and hence is not controlling on the argument defendant advances. Rather, we believe *People v. McCollough* (1974), 57 Ill. 2d 440, 313 N.E.2d 462, controls the present argument. In *McCollough*, defendant contended that a statute which allowed the prosecutor to charge for either involuntary manslaughter or reckless homicide was violative of his right to equal protection and due process of law when the greater statute provided for harsher penalties under the same circumstances. The court there held that where the conduct of the defendant is violative of two separate statutes providing different punishments, the defendant may be charged with either in the discretion of the State's Attorney. (See also *People v. Brooks* (1976), 65 Ill. 2d 343, 347, 357 N.E.2d 1169, 1172; *People v. Buffalo Confectionery Co.* (1980), 78 Ill. 2d 447, 458, 401 N.E.2d 546, 551.) The court there stated:

> "The contention that the statute grants undue discretion to the prosecutor in determining the offense for which he will prosecute is without merit. With respect to a similar contention, this court said in *People v. Rhodes* (1967), 38 Ill. 2d 389, 396, in which the defendant had been convicted of attempted theft: 'The defendant's complaint that he should have been charged only with intimidation, which at the time of the events herein related was a misdemeanor, cannot be entertained. The State's Attorney is the representative of the People and has the responsibility of evaluating the evidence and other pertinent factors and determining what offense can properly and should properly be charged.' The kind of determination committed to the discretion of the State's Attorney by the statute in this case is the same kind of discretion that is committed to him with respect to a host of other offenses, and is exercised by him every day. It is not, in our opinion, an

unconstitutional delegation of authority." 57 Ill. 2d 440, 444, 313 N.E.2d 462, 464.

■■ Since the prosecutor is thus properly given the power and authority to so charge for the greater offense of two offenses proscribing the same conduct with different penalties, we believe the defendant is not entitled to submit to the jury the instructions for the offense with which he would have wished to be charged, but was not. Absent a proper lesser-included-offense instruction, defendant is simply not entitled to have a jury instructed on a lesser offense also violated by his conduct.

The defendant next requests a new trial because the prosecutor, during his rebuttal argument to the jury, made a number of improper comments. According to the defendant, the combined effect of these asserted improprieties denied him a fair trial. We find that all objections concerning this closing argument are waived. Since the defendant did not raise this issue in his post-trial motion, he has not preserved the issue for review. *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856; *People v. Pallardy* (1981), 93 Ill. App. 3d 725, 417 N.E.2d 851.

■■ The record discloses that the prosecutor's statements claimed to be improper were generally responsive to argument in behalf of defendant and so did not constitute plain error within Supreme Court Rule 615 (73 Ill. 2d R. 615).

The defendant claims that his sentence of 5 years' imprisonment for aggravated battery was excessive considering the minimal bodily harm sustained by the police officer. Aggravated battery is a Class 3 felony (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(6)).

The maximum penalty for a Class 3 felony is 5 years. Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(6).

■■ A reviewing court may alter the sentencing judge's disposition only upon a finding of an abuse of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541; *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) After a careful review of the record, we find the defendant's sentence to be proper.

■■ The defendant's reliance upon *People v. Dimond* (1977), 54 Ill. App. 3d 1036, 370 N.E.2d 686, is misplaced. At Dimond's sentencing hearing, the prosecution offered no evidence in aggravation. The presentence report showed that Dimond had been honorably discharged from the armed forces. He was intoxicated at the time of the offense and inflicted minimal actual harm. The *Dimond* court reduced that defendant's sentence because it was not justified by the facts in the record. The facts in the instant case are very different from those in *Dimond*. Wys, while only 24 years old, had an extensive criminal history. There had been repeated attempts and failures to rehabilitate the defendant. The trial court com-

mented at length upon these factors. We find no abuse of discretion in the trial judge's sentencing.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

MILLS and LONDRIGAN, JJ., concur.