THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DWIGHT W. DAVIS, Defendant-Appellant.

Fourth District   No. 4—89—0411

Opinion filed February 8, 1990.

1002

Daniel D. Yuhas and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SPITZ delivered the opinion of the court:

After jury trial, defendant was convicted of two aggravated bat-

tery charges and sentenced to concurrent extended terms of 5½ and 7½ years' imprisonment. Defendant appeals his convictions.

At trial, Officer Michael Fazio testified that on November 4, 1988, he and Officer Randall Wikoff responded to a domestic disturbance call at 1111 South Low Street, in Bloomington. Both officers were in uniform. As the officers approached the house, a woman, Kim Smith, came out and asked the officers to keep defendant away from her. Defendant informed the police that it was none of their business and headed toward the house. When defendant attempted to enter the house, he struck Fazio in the face with the screen door. Fazio then grabbed defendant by the arm, but defendant hit Fazio with his elbow. The officers wrestled defendant down to the front porch and attempted to handcuff him. Fazio received several cuts on his hand from trying to place the handcuffs on defendant. Fazio also received an abrasion on his knee when defendant kicked him while wearing heavy work boots. The officers rolled defendant over in an attempt to get the handcuffs on him and, in the process, Fazio kicked defendant in the groin. Fazio stated he did this to defend himself against an attack by defendant.

The defense attempted to cross-examine Fazio about one prior and one pending civil rights suit against him alleging the use of excessive force. The State objected, and defendant made an offer of proof. The pending suit alleged that Fazio used excessive force in making an arrest. However, Fazio stated that he received no reprimand or suspension from the police force because of the claim. Fazio also stated that the police department investigated the matter and was defending him in the suit. The prior suit filed against Fazio alleged that he violated an individual's civil rights during an arrest by pulling his hair. This suit was settled for a nuisance fee. The court sustained the State's objection because there had been no disciplinary action taken against Fazio in the prior suit, and the other matter was a pending lawsuit not related to the present case.

Officer Wikoff also testified at trial and corroborated Fazio's testimony. Wikoff stated that defendant kicked both officers several times and continued swinging and flailing his arms about. After the officers handcuffed defendant, he continued to kick and thrash on the ground and verbally abuse the officers.

Officer William Rusk testified that on November 5, 1988, he and another officer took defendant to a hospital after defendant complained of a pain in his wrist. A cut on defendant's left wrist was cleaned, and he received a splint on his right hand.

Defendant testified in his own behalf. Defendant claims he re-

mained calm when talking to the officers and that he unintentionally hit Fazio with the door as he was going inside to talk to Smith. Defendant denies struggling with the officers before Fazio kicked him in the groin and claims that he only struggled after the kick to defend himself.

Prior to defendant's testimony, defense counsel made a motion *in limine* to preclude the State from using defendant's two prior aggravated battery convictions in 1980 and 1983 for impeachment purposes. The court denied the motion and allowed the convictions to be used for impeachment purposes.

During the instructions conference, defense counsel tendered instructions on the offense of resisting or obstructing a peace officer. The trial court denied these instructions because the resisting offense was not an included offense of either of the two aggravated battery offenses as charged.

On appeal, defendant argues: (1) the trial court erred in denying him the right to cross-examine Officer Fazio about prior and pending lawsuits against him; (2) the trial court erred in denying defendant's motion *in limine*; and (3) the trial court erred in refusing defendant's tendered instructions concerning the offense of resisting or obstructing a peace officer. We affirm.

Defendant first argues that the trial court erred in denying him the right to cross-examine Officer Fazio about prior lawsuits filed against him for using excessive force during arrests. Specifically, defendant asserts that the trial court's ruling deprived him of his constitutional right to confront a prosecution witness by cross-examination directed at impeaching a witness with his possible bias or motive to testify falsely. *People v. Gonzalez* (1984), 104 Ill. 2d 332, 472 N.E.2d 417; U.S. Const., amends. VI, XIV; Ill. Const., 1970, art. I, §11.

■ The partiality or bias of a witness is always relevant in discrediting a witness and affecting the weight of his testimony. (*Davis v. Alaska* (1974), 415 U.S. 308, 39 L. Ed. 2d 347, 94 S. Ct. 1105.) The trial court should give the widest latitude to the defense on cross-examination when trying to establish a witness' bias or motive. (*People v. Wilkerson* (1981), 87 Ill. 2d 151, 429 N.E.2d 526.) However, a trial court may exercise its discretion to preclude repetitive or unduly harassing interrogation and confine the extent of cross-examination to a proper subject matter. (*People v. Lenard* (1979), 79 Ill. App. 3d 1046, 398 N.E.2d 1054.) To be admissible, evidence showing bias must be direct and positive, not remote or uncertain. (See *People v. Hanks* (1974), 17 Ill. App. 3d 633, 307 N.E.2d 638.) A trial court's decision

will be disturbed on review only upon a finding of clear abuse of discretion resulting in manifest prejudice. *Lenard,* 79 Ill. App. 3d 1046, 398 N.E.2d 1054.

Defendant bases his argument on two cases: *People v. Phillips* (1981), 95 Ill. App. 3d 1013, 420 N.E.2d 837; and *People v. Robinson* (1977), 56 Ill. App. 3d 832, 371 N.E.2d 1170. The court in *Phillips* reversed a trial court's decision to deny defendant's request to impeach a witness (an off-duty police officer shot by defendant) with prior suspensions. The defendant in *Phillips* claimed he shot the officer after the officer brandished a pistol at defendant's brother without provocation. The officer had been suspended from the police force 15 times, including two instances for improperly displaying his weapon and then filing a false report. The *Phillips* court reversed because the officer could have been motivated to testify falsely to avoid a further suspension, termination, or to insure the continuance of his medical coverage and compensation. Moreover, the witness' testimony in *Phillips* was crucial to the State's case.

In *Robinson,* the appellate court reversed a trial court's ruling denying defendant the opportunity to introduce evidence showing that the witness had used unwarranted force against others in the course of his duty as a policeman. The *Robinson* court held that since the witness was suspended from the police force at the time of defendant's trial for commiting an act of violence and was scheduled for reinstatement only a few days later, the trial court should have allowed defendant to explore the possibility that the witness' testimony may have been influenced by a desire to return to active duty without further trouble and to avoid continued suspension or other disciplinary measures.

■ The present case is easily distinguishable from *Phillips* and *Robinson.* The evidence of bias in the instant case consisted of a prior suit against Fazio alleging racial bias and physical abuse and a pending suit against Fazio for use of excessive force during an arrest. The prior suit was settled for a nuisance fee. Fazio was never suspended or reprimanded. In both *Phillips* and *Robinson,* the officers had been suspended. Furthermore, the second suit here was a pending civil suit which the police department was defending for Fazio. While the refusal to permit a defendant to impeach a State's witness by evidence of pending but unproved criminal charges to show bias has been held to be reversible error (*Wilkerson,* 87 Ill. 2d 151, 429 N.E.2d 526), we find no case where mere evidence of a civil suit against a law-enforcement officer charging dereliction of duty unrelated to the case in issue has been held to be proper impeachment. See *People v. Cameron*

(1989), 189 Ill. App. 3d 998, 546 N.E.2d 259.

Finally, Officer Fazio's testimony was not, as defendant asserts, key to the case. Officer Wikoff was also at the scene and corroborated Fazio's testimony. We find any alleged incentive on Fazio's part to give favorable testimony because of a prior suit settled for a nuisance fee and because of pending civil litigation to be remote and uncertain. The trial court did not abuse its discretion.

Defendant next argues that the trial court erred in denying his motion *in limine* seeking to prevent the State from introducing evidence of his two prior aggravated battery convictions. Defendant asserts that the prejudice in introducing the convictions clearly outweighed any probative value the evidence may have had. This is especially true, defendant maintains, where, as here, the present charge is similar to the prior convictions.

■ The admission of a prior conviction for the purpose of affecting a witness' credibility rests within the sound discretion of the trial court. (*People v. Montgomery* (1971), 47 Ill. 2d 510, 268 N.E.2d 695.) A trial judge should exclude a prior conviction if he determines that its probative value on the issue of credibility is substantially outweighed by the danger of unfair prejudice. (*Montgomery*, 47 Ill. 2d 510, 268 N.E.2d 695.) A prior conviction for a crime which is similar to the crime charged does not mean it cannot be introduced. Instead, similarity is a factor which the court must consider when balancing the probative value against prejudicial impact. *People v. Hall* (1983), 117 Ill. App. 3d 788, 453 N.E.2d 1327.

Defendant cites two cases where an appellate court reversed a trial court's decision to introduce evidence of crimes similar to the crime charged. (*People v. Pruitt* (1988), 165 Ill. App. 3d 947, 520 N.E.2d 867; *People v. Siebert* (1979), 72 Ill. App. 3d 895, 390 N.E.2d 1322.) These cases do nothing more than show two courts in two factually different situations reversing trial courts that abused their discretion in allowing evidence of crimes similar to the crime charged. There are also as many cases where this court has upheld a trial court's decision to admit such evidence. See *People v. Dailey* (1973), 15 Ill. App. 3d 214, 304 N.E.2d 156; *People v. Overturf* (1973), 12 Ill. App. 3d 441, 299 N.E.2d 34.

■ Defendant further argues that this court has held an aggravated battery conviction "has no bearing whatsoever on honesty and veracity." (*People v. Wright* (1977), 51 Ill. App. 3d 461, 463, 366 N.E.2d 1058, 1060.) Defendant contends that in *Wright* we held that evidence of a prior conviction of aggravated battery allowed in a prosecution for rape and deviate sexual assault was prejudicial because it

showed the defendant's propensity for crimes of violence. In *Wright*, the author of the opinion reversed on the grounds that aggravated battery had no probative value to impeach. A special concurrence, however, disagreed with the author's reasoning. (*Wright*, 51 Ill. App. 3d at 465-66, 366 N.E.2d at 1062-63 (Reardon, J., specially concurring).) The concurrence thought that any felony conviction could be considered relevant to the honesty and veracity of the defendant and could thus be considered in performing the balancing test. The dissenting justice in *Wright* agreed with the concurrence's view of the law. (*Wright*, 51 Ill. App. 3d at 466-67, 366 N.E.2d at 1063 (Kunce, J., dissenting). See *People v. Kirkpatrick* (1979), 70 Ill. App. 3d 166, 387 N.E.2d 1284.) This court has accepted the views of the concurrence and dissent in *Wright*. (*People v. Guthrie* (1978), 60 Ill. App. 3d 293, 376 N.E.2d 425.) In the instant case, the trial judge performed the balancing test and did not abuse his discretion in admitting the evidence.

Defendant's final contention is that the trial court erred in denying his instructions on the lesser offense of resisting or obstructing a peace officer. (Ill. Rev. Stat. 1987, ch. 38, par. 31—1.) Defendant was charged with the following:

"Count III *** on or about the 4th of November, 1988 *** committed the offense of aggravated battery in that he knowingly, without legal justification caused bodily harm, cuts to both hands, to Bloomington police officer Michael Fazio, by kicking and struggling with Officer Fazio, Dwight W. Davis knowing that Michael Fazio was a peace officer engaged in the execution of his offical duties, the arrest of Dwight W. Davis.

Count IV *** on or about the 4th day of November, 1988, *** committed the offenseof aggravated battery in that he knowingly without legal justification made physical contact of an insulting or provoking nature with Bloomington police officer Randall Wikoff, by kicking Randall Wikoff with his feet, Dwight W. Davis knowing that Randall Wikoff was a peace officer engaged in the execution of his official duties, the arrestof Dwight W. Davis."

■■ ■ A defendant may be entitled to have the jury instructed on a less serious offense that is included in the one with which he is charged. (*People v. Bryant* (1986), 113 Ill. 2d 497, 499 N.E.2d 413.) However, the included offense is properly submitted only where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser crime. (*People v. Wys* (1982), 103 Ill. App. 3d 273, 431 N.E.2d 38.) Even assuming

that the offense of resisting or obstructing a peace officer was an included offense here, the proposed included offense instruction was properly refused because the greater offense did not require the jury to find a disputed factual element not required for conviction upon the lesser.

Defendant relies on the *Wys* opinion in claiming that there was a disputed factual element the jury had to find for the greater charge but not the lesser charge. The facts in *Wys* were very similar to the ones in the present case. The defendant in *Wys*, however, did not testify, and the defense did not present evidence refuting the arresting officers' testimony that defendant had inflicted pain and spit on an officer. Because no evidence was presented to refute the officers' testimony, the court in *Wys* found that the jury was not required to find a factual dispute on the greater charge. Thus, the trial court properly refused the instructions on the lesser charge.

Defendant claims that in the present case, unlike in *Wys*, there was a factual dispute concerning the greater charge here. Specifically, defendant claims the bodily harm to Officer Fazio and the contact with Officer Wikoff are in dispute. This is based on defendant's testimony that he did not initiate the struggle, and that anything he may have done was in self-defense after he was kicked in the groin. However, the only elements required for conviction on the greater offenses of aggravated battery, which were not required for conviction of the lesser offense of resisting a peace officer, were the elements of harm to Officer Fazio and physical contact of an insulting or provoking nature with Officer Wikoff. (*Wys*, 103 Ill. App. 3d at 277, 431 N.E.2d at 41.) It is undisputed that the struggle with the two officers resulted in defendant kicking Officer Fazio several times as well as Fazio receiving cuts to his hands from trying to place the handcuffs on defendant. It is also undisputed that defendant kicked Officer Wickoff numerous times during the struggle, resulting in contact of an insulting or provoking nature. Thus, there is no element of the offense of aggravated battery which is in dispute which was not required for conviction of the lesser offense of resisting or obstructing a peace officer. The trial court is affirmed.

Affirmed.

KNECHT, P.J., and McCULLOUGH, J., concur.