# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**People v. Porter-Boens, 2013 IL App (1st) 111074**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ZONEIKE PORTER-BOENS, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-11-1074 |
| Filed | September 5, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's convictions for aggravated battery and resisting a police officer, the appellate court upheld the trial court's decision quashing defendant's subpoena for records of the 19 civilian complaints against the arresting officer, since the trial court applied the proper standard in its *in camera* review of the complaints, with the exception of two complaints that were distinct and too remote in time to be admissible, no discipline was imposed on the officer, the police authorities found all of the claims were unfounded or not sustained by sufficient evidence, and the complaints were not similar to defendant's case. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 08-CR-18884; the Hon. Mary Margaret Brosnahan, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Todd T. McHenry, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Miles J. Keleher, and Douglas P. Harvath, Assistant State's Attorneys, of counsel), for the People.

Panel

PRESIDING JUSTICE HOWSE delivered the judgment of the court, with opinion.

Justices Palmer and Taylor concurred in the judgment and opinion.

## OPINION

¶ 1    Following a bench trial, the circuit court of Cook County convicted defendant Zoneike Porter-Boens of aggravated battery and resisting a police officer and sentenced her to a two-year term of felony probation. On appeal, we are asked to determine whether the trial court's ruling quashing defendant's subpoena for the records of civilian complaints against Lieutenant Glenn Evans, the arresting officer, was correct. Defendant requests this court examine the records, which were reviewed by the trial court *in camera*, to determine if its judgment was correct. The State agrees that an *in camera* examination of the documents by this court is necessary to properly review the trial court's ruling. For the following reasons, we affirm the trial court's evidentiary ruling.

¶ 2                                    BACKGROUND
¶ 3    Briefly stated, the evidence presented at trial established that on September 19, 2008, while en route to a reported burglary alarm, Lieutenant Evans stopped to investigate a pit bull running in the vicinity of 7500 South Parnell in Chicago apparently chasing a couple of children. Lieutenant Evans saw a man, later identified as Sam Boens, with the dog off leash. He told Boens to leash the dog. Boens did not do so, and Lieutenant Evans testified the dog began approaching him in an aggressive manner. Lieutenant Evans fired three shots, one of which hit the dog. Defendant approached Lieutenant Evans, screaming. Lieutenant Evans asked if the dog belonged to her and defendant replied that it did. Lieutenant Evans attempted to place defendant under arrest and, Lieutenant Evans testified, defendant stepped back and punched him in the chest. Lieutenant Evans attempted to restrain defendant and she continued to strike Lieutenant Evans. Other officers arrived to assist and ultimately arrested defendant. Lieutenant Evans suffered minor lacerations and bite marks and a broken ankle as a result of the altercation with defendant.

¶ 4     At the time of the shooting, Lieutenant Evans had 19 prior complaints filed against him. Defense counsel indicated to the trial court that he wanted to review all Office of Professional Standards (OPS), now the Independent Police Review Authority (IPRA), files related to Lieutenant Evans, including an investigation concerning the shooting of Boens' dog. Defense counsel stated he sought the information to learn what the investigation into this incident had learned and "to find out if this has ever happened before with the officer." The trial judge instructed defense counsel to subpoena the records and request that OPS hand deliver the files to the trial court for an *in camera* review. After more than a year, OPS and the IPRA provided 12 of the 19 requested documents.[1] The trial court learned from the IPRA attorney that seven older files were still under the control of the OPS and were stored in a warehouse, and IPRA was having difficulty retrieving them.

¶ 5     On July 29, 2010, the trial court ruled that 3 of the 12 complaints, filed between 2000 and 2005, were too remote in time from the 2008 shooting to be relevant. In the court's view, the remaining nine complaints concerned "generalized misconduct." The court quashed defendant's subpoena. The court subsequently found defendant guilty following a bench trial. This timely appeal followed.


¶ 6                                    ANALYSIS

¶ 7     The sole issue on appeal is whether the trial court's ruling quashing defendant's subpoena for Lieutenant Evans' records was proper. Defendant does not contend that the records are not confidential. When confidential records are sought in discovery, the trial court should review the records *in camera* and use its discretion to disclose only material information. *People v. Bean*, 137 Ill. 2d 65, 99 (1990). Any "immaterial" record should remain undisclosed. *Id.* at 102. On appeal, defendant asks this court to examine the records pertaining to Lieutenant Evans for other instances that may be relevant to show Lieutenant Evans' intentions during the incident.

¶ 8     On June 13, 2012, defendant filed a motion in this court requesting we order IPRA to send all files involving Lieutenant Evans to the circuit court clerk with directions to impound the documents, supplement them to the record, and transmit the files to us for review. On June 28, 2012, we entered an order remanding this case to the trial court to recompile the same 12 records it reviewed *in camera*, and ordering the clerk of the circuit court to transmit those records to this court. Defendant did not raise an issue with regard to the remaining seven records, which IPRA was apparently unable to retrieve from the OPS warehouse, in the trial court or in this court.

¶ 9     "The trial court has broad discretion in ruling on issues of relevance and materiality and its determination will not be disturbed absent an abuse of discretion." *People v. Williams*, 267 Ill. App. 3d 82, 87 (1994). "A claim that the trial court erred in limiting discovery will be reviewed for an abuse of discretion." *People v. Sutherland*, 223 Ill. 2d 187, 280 (2006).

---

[1]Defendant presumes that the investigative report into the instant shooting was not included as the trial court did not mention it while discussing the *in camera* review.

¶ 10     Defendant maintains the trial court reviewed the records too narrowly. The State responds the trial court applied the correct rule of law to determine whether the records were discoverable. Defendant has retreated from her initial argument that the trial court failed to explain the basis upon which it determined that the records were not discoverable, but defendant maintains the criteria the court used to preclude the defense from examining the records may have improperly infringed upon defendant's right to confront Lieutenant Evans. Therefore, we address whether the record reveals if the trial court applied the correct criteria in its review of the records, because "[i]f the court's decision rests on an error of law, *** then it is clear that an abuse of discretion has occurred, as it is always an abuse of discretion to base a decision on an incorrect view of the law." *Thompson v. Gordon*, 356 Ill. App. 3d 447, 461 (2005).

¶ 11     Prior allegations of misconduct by a police officer may be admissible to prove intent, plan, motive, or a course of conduct of the officer (*People v. Cannon*, 293 Ill. App. 3d 634, 640 (1997) (citing *Wilson v. City of Chicago*, 6 F.3d 1233, 1238 (7th Cir. 1993))), or to impeach an officer as a witness based on bias, interest, or motive to testify falsely (*People v. Nelson*, 235 Ill. 2d 386, 421 (2009)). To be admissible, the allegations of prior misconduct may not be general in nature or remote in time. *Cannon*, 293 Ill. App. 3d at 641. Further, "evidence used to impeach must raise an inference that the witness has something to gain or lose by his testimony; the evidence must not be remote or uncertain." *Nelson*, 235 Ill. 2d at 421.

¶ 12     In *People v. Banks*, 192 Ill. App. 3d 986, 994 (1989), the court held that "a 13-month period between virtually identical incidents of brutality by police officers is not too remote to tend to prove the type of conduct used by the particular police officers." *Banks*, 192 Ill. App. 3d at 994. In *People v. Patterson*, 192 Ill. 2d 93 (2000), our supreme court did not address directly the question of the admissibility of past misconduct by a police officer in a criminal trial; nonetheless, its discussion of the admissibility of prior allegations of police brutality is instructive on the issue of whether prior allegations would be admissible to prove intent, plan, motive, or a course of conduct. The *Patterson* court found that "a single incident years removed has little relevance. However, a series of incidents spanning several years can be relevant to establishing a claim of a pattern and practice ***." *Patterson*, 192 Ill. 2d at 140. The court further found as follows:

> "In past cases, this court has declined to find evidence of prior police brutality to be relevant when the defendant offered only generalized allegations *** and when the allegations *** were not similar and occurred three years before the case at bar. [Citation.]
>
> *** The appellate court also has found evidence of prior allegations of brutality admissible where the defendant could present evidence that 'the police officers who questioned him systematically tortured other suspects to obtain confessions at or near the time he was questioned.' [Citation.] Additionally, the United States Court of Appeals, Seventh Circuit, has found evidence of prior allegations of brutality admissible when it involves the same officer, involves similar methods of torture, and occurs at or near the time of the current allegation." *Patterson*, 192 Ill. 2d at 115.

¶ 13    In *People v. Coleman*, 206 Ill. 2d 261, 269 (2002), the defendant issued subpoenas to OPS for its files on a detective involved in his case. A hearing on a motion to quash the subpoena revealed that the records contained eight complaints against the detective, five of which were not sustained and three of which were completely unfounded. The trial court granted the motion to quash, finding no basis for reviewing the file. *Coleman*, 206 Ill. 2d at 269. In a motion for additional discovery, the defendant identified six alleged incidents of abuse of arrestees by the detective and alleged that lawsuits had been filed and at least two judgments obtained. The defendant also alleged that the detective had been suspended as a result of one of the lawsuits. *Coleman*, 206 Ill. 2d at 272. On appeal, the defendant argued that the trial court abused its discretion by failing to permit cross-examination of the detective about the allegations of misconduct in other cases. *Id.* at 278.

¶ 14    The court held that the trial court did not abuse its discretion in refusing to reopen cross-examination so that the defendant could question the detective about what the court found to be irrelevant matters. *Coleman*, 206 Ill. 2d at 282-83. The additional matters were irrelevant because the defendant in *Coleman* did not allege that the detective physically abused him in any manner. *Id.* at 282. The *Coleman* court also noted that the detective's only duty with regard to the case was to conduct a lineup, and the civil suits the defendant sought to explore did not concern the detective's action in conducting lineups. *Coleman*, 206 Ill. 2d at 282.

¶ 15    In *Nelson*, the trial court granted the State's motion *in limine* to exclude evidence of a federal complaint against two detectives who interrogated the defendant. The plaintiff in the federal complaint alleged the detectives violated his civil rights and coerced a false confession. *Nelson*, 235 Ill. 2d at 420. The defendant in *Nelson* wanted to admit evidence of the allegations in the federal complaint to demonstrate that the same detectives used similar interrogation techniques on him and obtained a false confession, and that the pending lawsuit gave the detectives an incentive to minimize their testimony regarding the defendant's interrogation. *Id.* Our supreme court found that case law established that the trial court did not abuse its discretion in refusing to allow the defendant to use the federal lawsuit to impeach the detectives. *Id.* at 421.

¶ 16    The *Nelson* court relied on *People v. Davis*, 193 Ill. App. 3d 1001, 1005 (1990), in which the appellate court affirmed a trial court's order refusing to allow a defendant in a criminal case to cross-examine a police officer regarding two prior lawsuits "due to the lack of disciplinary action and the fact that the pending lawsuit was not related to the defendant's case." *Nelson*, 235 Ill. 2d at 421 (citing *Davis*, 193 Ill. App. 3d at 1005). Our supreme court contrasted two other cases in which impeachment was held to be proper, *People v. Phillips*, 95 Ill. App. 3d 1013 (1981), and *People v. Robinson*, 56 Ill. App. 3d 832 (1977). The court noted that in each of those cases, the officers had been disciplined with suspension from the police force, whereas the defendant in *Nelson* had not identified any disciplinary actions taken against the police officers. *Nelson*, 235 Ill. 2d at 422.

¶ 17    Based on the foregoing authorities, we find that, when determining whether evidence of prior allegations of misconduct is admissible, the question of relevancy is a determination to be made by the trial court after a consideration of the temporal proximity of the past misconduct, whether there is a repetition of similar misconduct, and the similarity of the past

misconduct to the conduct at issue in the case before the court. *Patterson*, 192 Ill. 2d at 140-45. The trial court may properly exclude evidence of prior allegations of misconduct involving different officers if the prior allegation is factually dissimilar to the officer's conduct in the pending case, and if the officer did not receive discipline from his department. See *Coleman*, 206 Ill. 2d at 279 ("Mere evidence of a civil suit against an officer charging some breach of duty unrelated to the defendant's case is not admissible to impeach the officer."); *People v. Williams*, 2011 IL App (1st) 093350, ¶ 47 ("Evidence of an unrelated lawsuit, *** where there is no evidence of a finding of guilt and no claims of any disciplinary action taken against the detectives, does not raise an inference of any bias or motive to testify falsely.").

¶ 18 Having determined the standard the trial court was to employ in deciding whether to quash defendant's subpoena, we find that the trial court applied the correct standard. In making its ruling following *in camera* inspection of the records, the court announced the standard it applied. The court stated that prior allegations of abuse or misconduct are admissible when they are not unduly remote in time from the occurrence before the court, they involve the same officer and similar allegations of misconduct, and when in both the prior allegations of misconduct as well as in the case before the court there is evidence of injury consistent with the allegations. While the last statement by the court was correct, we do note, however, that the absence of physical injury does not preclude evidence of prior acts of misconduct from being admissible. *Patterson*, 192 Ill. 2d at 116. We find no error because the trial court in this case specifically cited *Patterson* and reiterated that evidence of prior abuse is admissible when the prior allegations involve the same officer and similar methods and are close in time to the allegations in the case before the court. Thus, the trial court stated, "when the allegations are not similar or unduly remote, they won't be allowed in."

¶ 19 The trial court excluded complaints arising between 2000 and 2005 and reviewed allegations made between February 2006 and January 2009. We cannot say the court abused its discretion in selecting that time span. This incident occurred on September 19, 2008. Our supreme court has specifically "declined to find evidence of prior police brutality to be relevant when *** the allegation *** occurred three years before the case at bar." *Patterson*, 192 Ill. 2d at 115. Our review of the records reveals that the last complaint in 2005 was based on an incident that occurred on September 7, 2005, more than three years before the date of the incident in this case. The trial court did not abuse its discretion in excluding that complaint and all prior complaints.

¶ 20 Of the remaining allegations, the court found that four allegations were unfounded and five were not sustained. Mere allegations of misconduct, without evidence the officer was disciplined, are not admissible as impeachment (*Nelson*, 235 Ill. 2d at 421; *Coleman*, 206 Ill. 2d at 279) and do not raise an inference of bias or motive to testify falsely (*Williams*, 2011 IL App (1st) 093350, ¶ 47). Accordingly, we cannot find the trial court abused its discretion in excluding those records. The court did note that two minor allegations contained in one complaint were sustained, but the court found that situation is not similar to this case. The court later clarified that the allegations "were not physical abuse of any form." Thus, the court did not abuse its discretion in excluding those complaints. *Coleman*, 206 Ill. 2d at 279.

¶ 21 We further find that, in reviewing the records, the trial court did not so narrowly construe

the "similarity of allegations" factor to only search the records for other incidents involving shooting a dog. The court stated that all of the allegations in the records involve the same officer, "but they are not similar allegations of misconduct." The court merely remarked that none involved shooting a dog. The court went on to say that "nothing that I found [was] similar enough that would justify turning over those files." We find that the trial court applied the appropriate standard to exclude the records of allegations of prior misconduct.

¶ 22 We applied those same standards to our own review of the records. After conducting our own review of the materials the trial court reviewed, we find the trial court did not abuse its discretion in finding the files were not discoverable. *Bean*, 137 Ill. 2d at 102 ("We find not only that the review procedure used here was proper, but that the trial court did not err in its decision as to what information was relevant and properly should have been disclosed to defendant."). With the single exception of two allegations in 2005, which are completely distinct from anything that happened in this case and are too remote to be admissible, none of the complaints against Lieutenant Evans resulted in any discipline. The police authorities found all of the claims against him either unfounded or not sustained by sufficient evidence. Moreover, our review of the nature of the complaints does not reveal a series of similar incidents spanning several years. Unlike this case, some of the records involve complaints by subjects who were already in custody and Lieutenant Evans was not the arresting officer. Moreover, not only are the complaints dissimilar to the events in this case, the complaints are largely all unique. Therefore, the trial court properly quashed defendant's subpoena. *Patterson*, 192 Ill. 2d at 115.

¶ 23                                                   CONCLUSION

¶ 24 We agree with the trial court that the complaints reflect the type of generalized allegations that are an inherent part of police work. For the foregoing reasons, we affirm the judgment of the trial court.

¶ 25 Affirmed.