2021 IL App (1st) 182158-U

SIXTH DIVISION
November 12, 2021

No. 1-18-2158

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Respondent-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 04 CR 3241 |
| | ) | |
| ELBERT CONWAY, | ) | The Honorable |
| | ) | Peggy Chiampas, |
| Petitioner-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE PIERCE delivered the judgment of the court.
Justices Harris and Mikva concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the judgment of the circuit court denying petitioner's motion for leave to file a successive postconviction petition.

¶ 2    Petitioner, Elbert Conway, appeals from the circuit court's denial of his *pro se* motion for leave to file a successive postconviction petition. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      At a December 12, 2005, bench trial,[1] Chicago police officer Richard Federici testified that on January 2, 2004, he and his partner received a radio dispatch reporting a narcotics sale near West 105th Street and South Eggleston Avenue along with a description of the offender. Officer Federici arrived in that area and observed petitioner reach toward the windowsill of 10451 South Eggleston Avenue and remove a small plastic bag. Officer Federici exited his vehicle and saw petitioner drop the plastic bag. Officer Federici's partner detained petitioner while Officer Federici retrieved the dropped item: a small, knotted plastic bag that contained a white rock substance, later identified as cocaine. He then retrieved three more small, knotted plastic bags and a ziplock bag from the windowsill, all containing cocaine. Petitioner did not present any evidence or testify on his own behalf. During closing argument, defense counsel argued Officer Federici saw defendant drop something, but he did not search the area where the item was dropped and did not conclusively show defendant touching or controlling the items on the windowsill. The trial judge found Officer Federici's testimony "clear and consistent and convincing," and found petitioner guilty. He was sentenced to six years' imprisonment to run consecutive to petitioner's 25-year prison sentence for attempted murder in a separate case. We affirmed petitioner's conviction on direct appeal over his contention that the circuit court abused its discretion by denying a continuance. *People v. Conway*, 1-06-0320 (2008) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5      Petitioner filed a postconviction petition alleging ineffective assistance of trial counsel for failing to allow petitioner to testify at trial, and further alleging he was denied his choice of counsel

---

[1]The record on appeal does not contain a complete transcript of petitioner's trial. Portions of Officer Federici's trial testimony were attached as an exhibit to petitioner's postconviction petition, but the record does not contain any of defense counsel's cross-examination or closing argument. The petitioner's and the State's accounts of the trial evidence in their appellate briefs are substantially similar, and the issue before us does not require a detailed understanding of defense counsel's cross-examination or closing argument.

at trial. The circuit court dismissed the petition at the second stage and petitioner appealed. We granted the Office of the State Appellate Defender's motion to withdraw pursuant to *Pennsylvania v. Finley*, 451 U.S. 551 (1987), and affirmed the circuit court's dismissal of the postconviction petition. *People v. Conway*, 1-12-0501 (2013) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6      In June 2018, petitioner filed a motion for leave to file a successive postconviction petition, which is the subject of this appeal. He alleged that, prior to his trial, the State committed a *Brady* violation by failing to disclose Officer Federici's complaint history and a federal lawsuit filed in 2000 containing allegations that Officer Federici "unlawfully searched [the plaintiff] and then fabricated evidence of narcotics." He also argued his trial counsel was ineffective for failing to "request[ ] or search[ ] for any documents that could be used to discredit [O]fficer Federici's credibility at trial." Petitioner asserted that, after his trial counsel was unable to locate potential defense witnesses, his trial counsel told him his "testimony alone would not make a difference at trial had [petitioner] been allowed to testify," and that his counsel must not have investigated the lawsuit. Finally, petitioner alleged there was newly discovered evidence, namely a 2014 federal lawsuit in which the City of Chicago paid $205,000 due to Officer Federici's and eight other police officers' illegal strip search and planting of narcotics. Petitioner alleged he was unable to discover any of this evidence earlier because the Chicago Police Department repeatedly ignored or denied his requests for Officer Federici's complaint history until 2016. Petitioner further alleged he was prejudiced because he could have used Officer Federici's complaint history to impeach the officer's credibility at trial. Attached to the motion for leave to file a successive postconviction petition were numerous exhibits, including Officer Federici's complaint history documenting 21 alleged incidents between 1998 and 2016, a 2000 federal complaint against Officer Federici

alleging unlawful arrest, and a newspaper article regarding the settlement in 2014 federal lawsuit, as well as petitioner's affidavit.

¶ 7    On July 27, 2018, the circuit court denied petitioner's motion, finding he could not meet the cause and prejudice test. Petitioner filed a timely notice of appeal.

¶ 8                                              II. ANALYSIS

¶ 9    On appeal, petitioner argues the circuit court erred by denying his motion for leave to file a successive postconviction petition because he established cause and prejudice. As for cause, he argues he could not have raised his *Brady* and ineffective assistance of counsel claims earlier because the State failed to disclose Officer Federici's complaint history, and his trial counsel never conducted any investigation into Officer Federici's complaint history or the lawsuits against him. The Chicago Police Department refused to disclose Officer Federici's complaint history until 2016. On the issue of prejudice, he contends his trial counsel was ineffective for failing to investigate Officer Federici's complaint history, which would have led to impeachable material. Petitioner argues he repeatedly told his trial counsel that Officer Federici was lying, but counsel took no steps toward finding impeaching material. He also contends his motion established prejudice regarding his *Brady* claim where evidence of the complaint history would have been favorable to him, the State knew or should have known of Officer Federici's complaint history, and the complaint history could have resulted in a different outcome at trial where Officer Federici was the sole witness. We note petitioner does not allege the complaint history is exculpatory; instead, he only argues the records could have been used to impeach Officer Federici's credibility.

¶ 10    The Post-Conviction Hearing Act (Act) provides a mechanism for criminal defendants to assert a substantial denial of their constitutional rights. 725 ILCS 5/122-1 *et seq.* (West 2018). The Act generally contemplates one postconviction petition. *Id.* § 122-3. A court may, however, grant

4

a petitioner leave to file a successive postconviction petition where the petitioner can satisfy the "cause and prejudice" test. *Id.* § 122-1(f); *People v. Davis*, 2014 IL 115595, ¶ 14. The petitioner must identify an objective factor that impeded the ability to raise a specific claim in the first postconviction petition proceedings and demonstrate that the new claim "so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f). A petitioner must satisfy both prongs to prevail. *Davis*, 2014 IL 115595, ¶ 14.

¶ 11 Whether a petitioner has satisfied the cause and prejudice test is a legal question, and the circuit court must determine whether the motion for leave to file a successive postconviction petition adequately alleges facts demonstrating cause and prejudice. *People v. Bailey*, 2017 IL 121450, ¶ 24. The circuit court cannot make factual or credibility determinations; instead, the well-pleaded factual allegations, taken together with the supporting affidavits, that are not positively rebutted by the record are taken as true. *People v. Robinson*, 2020 IL 123849, ¶ 49. We review *de novo* the circuit court's denial of a motion for leave to file a successive postconviction petition. *Id.* ¶ 39.

¶ 12 Petitioner argues his petition satisfied the cause requirement because he could not have raised a *Brady* or ineffective assistance of counsel claim until he knew the contents of Officer Federici's complaint history. His trial counsel never obtained the complaint history, and the Chicago Police Department did not respond to his FOIA request until 2016. The State responds that this issue is forfeited because petitioner was aware of the existence of this potential claim because "he was present during the recovery of the narcotics he was charged with; yet he failed to raise it in his direct appeal or his first post-conviction petition."

¶ 13 We agree with petitioner that he adequately alleged cause for not raising this issue previously. Taking the allegations in his motion as true—as we must—his trial counsel never

sought Officer Federici's complaint history before trial, and the State never voluntarily produced the complaint history. In other words, petitioner argues the complaint history was never made a part of the record because of his trial counsel's failure to obtain it and the State's failure to produce it. Nothing in the record suggests petitioner had any evidence to support either a *Brady* or ineffective assistance of counsel claim prior to obtaining the records in 2016. Further, petitioner alleged that he had attempted to obtain the records, but his previous requests were either ignored or denied. We find petitioner's motion adequately alleged cause.

¶ 14    We find, however, that petitioner did not adequately allege prejudice. To establish a *prima facie Brady* claim, petitioner needed to allege facts showing "(1) the undisclosed evidence is favorable to the accused because it is either exculpatory or impeaching; (2) the evidence was suppressed by the State either willfully or inadvertently; and (3) the accused was prejudiced because the evidence is material to guilt or punishment." *People v. Beaman*, 229 Ill. 2d 56, 73-74 (2008). Here, petitioner failed to allege facts supporting the first element of a *Brady* claim. Attached to his motion was Officer Federici's complaint history showing 14 complaints between June 1998 and December 2005, comprising all the complaints that occurred prior to petitioner's trial. Petitioner, however, did not allege—or present any documentation showing—that any of the complaints were relevant to the issues in his case, any of the complaints were sustained, or Officer Federici was disciplined because of any complaint against him. As noted above, petitioner argues the complaint history would have been used to impeach Officer Federici's credibility at trial. But as this court has observed, "[m]ere allegations of misconduct, without evidence the officer was ever disciplined, are not admissible as impeachment and do not raise an inference of bias or motive to testify falsely." *People v. Porter-Boens*, 2013 IL App (1st) 111074, ¶ 20. Petitioner failed to

carry his burden of showing that the complaint history contained any material evidence that would have been admissible at trial for impeachment purposes.

¶ 15    Petitioner argues the complaint history does not conclusively show whether Officer Federici was disciplined or whether the complaints were sustained. He asserts there is no key or legend explaining the notations and abbreviations on the complaint history, and "these are the kinds of questions that deserve exploration and development at an evidentiary hearing, or at a minimum, further investigation by post-conviction counsel at second stage proceedings." We disagree. As the movant, it was petitioner's burden to plead sufficient facts tending to establish a *prima facie* showing of cause and prejudice. *Bailey*, 2017 IL 121450, ¶ 24. Simply alleging that a police officer had an undisclosed complaint history that is now available is insufficient; petitioner needed to allege facts that the undisclosed complaint history contained material evidence that was exculpatory or impeaching. Here, petitioner failed to include any evidence tending to show that Officer Federici had been disciplined for conduct like the conduct alleged in petitioner's motion, or that any of the prior complaints against him had been sustained in any manner.

¶ 16    Furthermore, petitioner identified a 2000 federal lawsuit filed against Officer Federici alleging it related to an illegal search. Petitioner alleged in his motion that Officer Federici was accused of fabricating narcotics evidence, but the federal complaint attached to his motion alleged an illegal search followed by an arrest in which Officer Federici failed to give *Miranda* warnings. Additionally, the federal complaint would not have been admissible for impeachment purposes because the allegations there—an illegal search—are unrelated to the petitioner's primary allegation that Officer Federici planted the drugs resulting in petitioner's conviction. See *People v. Davis*, 193 Ill. App. 3d 1001, 1005-06 (1990) ("[W]e find no case where mere evidence of a civil suit against a law-enforcement officer charging dereliction of duty unrelated to the case in

issue has been held to be proper impeachment."). Finally, petitioner points to a 2014 federal lawsuit in which the City of Chicago paid $205,000 to settle claims that nine police officers, including Officer Federici, conducted an illegal strip search and planted narcotics in 2013. But that lawsuit postdated petitioner's trial by nine years, and petitioner makes no argument as to how the underlying 2013 incident could have been material at the time of petitioner's 2005 trial.

¶ 17    In sum, petitioner failed to adequately allege prejudice to support filing a successive postconviction petition asserting a *Brady* violation because he failed to adequately allege facts tending to show that undisclosed complaint history contained any evidence that could have been used for impeachment purposes. His ineffective assistance of counsel claim fails for the same reason, since he cannot show he was prejudiced by his trial counsel's failure to investigate the complaint history.

¶ 18                                III. CONCLUSION

¶ 19    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 20    Affirmed.